## HIRABELLI v. DANIELS.

No. 2546.    Decided January 30, 1914 (138 Pac. 1172).

1. APPEAL AND ERROR—REVIEW—DECISIONS REVIEWABLE. Under Comp. Laws 1907, section 3304, declaring that, upon an appeal from the judgment, all orders, rulings, and decisions to which exceptions have been taken, are before the Supreme Court for review, an order granting a new trial is reviewable on appeal from the final judgment.    (Page 91.)

2. NEW TRIAL—ALLOWANCE OF NEW TRIAL. Under the statute providing that a new trial may be granted on the application of the party aggrieved on the ground of excessive damages appearing to have been given under the influence of passion or prejudice or on the court's own motion when there has been a plain disregard by the jury of the instructions or evidence such as to satisfy the court that the verdict was rendered under a misapprehension of the instructions or under the influence of passion or prejudice, the trial court has the power to set aside the verdict and grant a new trial on the ground of the inade- quacy of the damages given in an action for assault and battery. (Page 93.)

3. APPEAL AND ERROR—NEW TRIAL—REVIEW—DISCRETION—GRANT- ING OF NEW TRIAL. The granting or refusing a new trial on the ground of the excessiveness or inadequacy of the damages rests within the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless an abuse of discretion appears.    (Page 93.)

4. EVIDENCE—OPINION OF PHYSICIAN—AMOUNT OF COMPENSATION— WEIGHT AND SUFFICIENCY. In an action for damages for assault, where the jury had the evidence of the injuries before them, they are not bound by the testimony of plaintiff's physician as to what was a reasonable charge for his services, particularly where the physician testified that a greater amount was a rea- sonable charge than the original complaint alleged was ex- pended.    (Page 95.)

5. NEW TRIAL—INADEQUACY OF DAMAGE—EVIDENCE. In an action for damages for an assault, *held,* that under the evidence the trial court improperly granted plaintiff a new trial on the ground of the inadequacy of damages; it appearing that the instructions, which were not excepted to, did not submit some elements of damage to the jury. (Page 95.)

6. APPEAL AND ERROR—WAIVERS OF ERRORS. Where defendant opposed the granting of a new trial and regularly entered his exception to the order, the fact that he participated on the retrial is not a waiver of his right to urge upon appeal from the final judgment the impropriety of the granting of the new trial. (Page 99.)

7. APPEAL AND ERROR—REVIEW—HARMLESS ERROR. In an action for an assault, the granting of a new trial on the ground of the inadequacy of the damages cannot be held harmless on the theory that the ruling was for the benefit of the defendant where the plaintiff upon retrial recovered a larger verdict. (Page 99.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by Carmine Hirabelli against Max Daniels.

Judgment for plaintiff and order denying defendant's motions to vacate that judgment and reinstate the verdict rendered on previous trial and for a new trial. Defendant appeals.

REVERSED AND REMANDED, WITH DIRECTIONS.

*Allen T. Sanford* for appellant.

*Moyle & Van Cott* for respondent.

APPELLANT'S POINTS.

It is the duty of the jury to consider the testimony, and not automatically return a verdict in accord with the expert opinion. (*Head v. Hargreave,* 105 U. S. 45, 26 Law Ed. 1028; Rogers Expert Evidence, 487; *Cosgrove v. Leonard,* 33 S. W. 777; *Rundall v. Packard,* 36 N. E. 823; *Burke v.*

*Whitney,* 34 Pacific 172; *Arntt v. Hosford,* 48 N. W. 981; *Anthony v. Steelson,* 4 Kan. 180; *Jones v. Fitzpatrick,* 24 S. E. 1031; 20 Century Digest, Evidence, Section 2397.) The plaintiff may recover only such damages for medical services as he would be required by law to pay, and in view of the fact that Dr. La Celva had not been admitted to practice in Utah he could not have recovered from Hirabelli for medical services, therefore Hirabelli was not required to pay this bill, and he cannot recover it from the defendant. (13 Cyc. 140; 8 Am. & Eng. Ency. (2nd Ed.), 647, Note 5; *Chicago v. Honey,* 10 Ill. App. 535; *San Antonio v. Muth,* 7 Tex. Civ. App. 443; 27 S. W. 752.)

The action of the lower court in granting a motion for new trial on purely legal grounds may be reversed on appeal, no question of judicial discretion being involved. (*Fitger v. Archibald,* 94 N. W. 888 [Minn.]; *Davis v. Cook,* 69 N. W. 18; *Dunkle v. Spokane* Falls, 55 Pac. 51; *Gardner v. Lovegren,* 67 Pac. 615; *Lawrence v. Pederson,* 74 Pac. 1011; *Miller v. Town of Casco,* 93 N. W. 447; *Shaw v. Sweeney,* 2 Iowa 587; *Sanders v. Wakefield,* 20 Pac. 518 [Kan.]; *Osborn v. Nelson,* 59 Barber 375.) The granting of a new trial will be reversed when the record does not show the grounds on which it was made and no error warranting a new trial appears on the record. (*Lowe v. Long,* 47 Pac. 93 [Idaho].)

The order granting a new trial will be set aside when it is clear that the new trial was granted because the lower court took an erroneous view of the law of the case. (*Richards v. Louisville,* 49 S. W. 419; *Crawley v. Louisville,* 55 S. W. 434.) The Supreme Court will review an order granting a new trial where the record discloses the situation as fully as it was presented to the trial court. (*Busse v. Schaffer,* 103 N. W. 947.)

STRAUP, J.

The plaintiff brought this action to recover damages for an alleged assault and battery. The case was tried three times, each time before a different judge and jury. The judgment

on the first trial was reversed for errors in the charge. (40 Utah, 513, 121 Pac. 966.) On the second, a verdict was rendered in favor of the plaintiff for thirty-five dollars actual damages. The court, on plaintiff's motion, and against the defendant's objection, granted a new trial. On the third trial a verdict was rendered in favor of the plaintiff for $119 "actual damages" and "no punitive damages." The defendant then filed a motion to vacate that judgment and to reinstate the judgment rendered on the second trial, and, on the court's refusal to do that, to grant a new trial. Both motions were denied. The defendant appeals. He had settled by a bill all the evidence and all the proceedings on the second trial and the proceedings relating to plaintiff's motion for a new trial and the defendant's motion to vacate the last judgment and to reinstate the second. The assignments are based upon these rulings and on an alleged abuse of discretion in setting aside the second judgment and granting a new trial.

First, are the rulings reviewable on this appeal, an appeal from the final judgment entered as the result of the third trial? The appellant has invoked, and the respondent not challenged, our power in such particular. The respondent but asserts that appellant has no just complaint because of a waiver, want of prejudice, and that the granting of the motion was discretionary and not reviewable, except for an alleged abuse of discretion. Though not challenged, our power, nevertheless, is directly and necessarily involved.

Our statute and Constitution permit an appeal from only a final judgment. Because of them it has repeatedly been held that an order granting or refusing a new trial is not appealable; such an order being not a final judgment. It, however, is just as well settled that on an appeal from the final judgment an order or ruling refusing a motion for a new trial, when the proceedings respecting it are properly preserved and presented by a bill, is reviewable under the provisions of the statute (Comp. Laws 1907, section 3304) that "upon an appeal from a judgment, all orders, rulings, and decisions in the action or proceeding to which exceptions have been taken in the court below, or

which are deemed excepted to as provided by this Code, are before the Supreme Court for review." It has not as yet been decided that an order or ruling granting a new trial is reviewable on an appeal from the final judgment. If such a ruling is not reviewable on such an appeal, it necessarily follows that it is not reviewable at all.

Under the statute, that on an appeal from the final judgment all orders, rulings, etc., in the action or proceeding to which exceptions have been taken or which are deemed excepted to, are before this court for review, we see no good reason for a holding that an order or ruling refusing a new trial, when the proceedings respecting it are properly preserved and presented by a bill, is before us and is reviewable, but that an order or ruling granting a new trial is not. True, in the cases where it was held a ruling refusing a new trial was reviewable on an appeal from a final judgment, the ruling related to the trial resulting in the judgment appealed from, while here the ruling granting a new trial relates, not to the trial resulting in the judgment appealed from, but to a prior trial and to a prior judgment. But the statute does not say, orders and rulings made on or which relate to the trial, but all orders and rulings, etc., "in the action or proceeding." This is such a ruling or order, a ruling or order in the action or proceeding. And since it is properly preserved and presented by a bill, we think it is before us for review on the appeal from the final judgment. A contrary holding leads to this: No matter how often, or how whimsical or baseless the ground may be on which the trial court may set a verdict aside and grant a new trial, nevertheless, an aggrieved party will be compelled to accept what the court may choose to allow or impose upon him or abandon his cause or defense; for, no matter how often a case may be tried, the trial court, for mere capricious notions that the verdict is too large or too small may set it aside until a jury is found to respond to the court's notions of what the verdict and damages should be; and if, perchance, the proceedings on the last trial are without error, neither party can complain. Surely the statute does not contemplate no relief may

be granted from such a prostitution of the constitutional trial by jury.

Now, as to the merits of the ruling: All the evidence adduced, and all the proceedings had, on the second trial are before us. The defendant conducted a tailor shop. The plaintiff was in his employ. On May 13, 1909, **2, 3** an altercation arose between them over a coat sleeve on which the plaintiff was working. According to the defendant's evidence, the plaintiff struck him several times on the head, as he, in a defenseless position, was descending a steep stairway. The plaintiff, admitting that blows were struck, denied that he was the aggressor, or that he struck the first blow. The defendant discharged the plaintiff, ordered him to leave, forbade him to return, and had him arrested. The next day, the 14th, the plaintiff, as testified to by himself, went to the defendant's place of business to get his things and there engaged in conversation with one of the workmen. The defendant came up and asked him what he was doing there and told him to "get out." The plaintiff replied that he was there to get his tools and that he would go as soon as he got them. The defendant again told him to leave. As the plaintiff stepped to a table, as testified to by himself and another witness, to pick up his tools, the defendant struck him over the eye with a pair of tailor's shears, and then a struggle followed. The defendant and other witnesses testified that when the defendant told the plaintiff to get his tools and go the plaintiff replied, "I will get out of here when I damn please, when I get ready." Then the two "got together," and in the struggle the defendant hit the plaintiff with the shears, but the defendant claimed he did not hit him "until he (the plaintiff) came on me." The blow, as testified to by the plaintiff, stunned him and produced a cut over the eye about an inch long, which required three stitches. His eye and face were discolored and swollen. The injury was temporary. He lost, as he testified, about one week's work, which amounted to eighteen dollars. He testified: "I started to work in about a week, but the eye hurt me about two weeks. Maybe it hurt me three or four weeks." He tes-

tified the doctor treated him for eight days or two weeks and that he paid him fifty dollars. The doctor, who had practiced in Italy and Kansas City, and though a resident of Utah but not licensed to practice in this state, testified that the wound was about an inch long; that he cleaned it out, gave it three stitches, treated the plaintiff for about two weeks, then took the stitches out, and charged him fifty dollars, which he paid; and that such sum was reasonable. The jury rendered a verdict in favor of the plaintiff "for pain and suffering, one dollar; for wages lost, twelve dollars; for medical treatment, twenty-two dollars; as punitive damages, ———. Total, thirty-five dollars." The plaintiff filed a motion for a new trial on the grounds:

(1) Misconduct of the jury; (2) surprise which ordinary prudence could not have guarded against; (3) newly discovered evidence; (4) insufficiency of the evidence to justify the verdict; (5) that the verdict is against law; (6) errors in law occurring at the trial and excepted to by the plaintiff. Nothing was shown to support the first, second, or third grounds. As to the fifth and sixth the bill recites that no objections were made and no exceptions taken to the charge by the plaintiff, nor to the court's refusal to charge as requested by him. It is conceded by both parties that the new trial was granted on the theory that the damages awarded were inadequate and not in harmony with the evidence. Of course, as to the amount of the damages the court could not set up his mere opinion or judgment against that of the jury and grant a new trial because he may have thought the evidence apparently or even fairly justified a larger verdict. The statute provides when the court in such particular may interfere. It provides a new trial may be granted on the application of the party aggrieved on the ground of "excessive damages appearing to have been given under the influence of passion or prejudice." It further provides that a new trial may be granted on the court's own motion, without the application of either party, "when there has been such a plain disregard by the jury of the instructions of the court or the evidence in the case as to

satisfy the court that the verdict was rendered under a mis-
apprehension of such instructions or under the influence of
passion or prejudice." Under these provisions the court had
the undoubted power to set the verdict aside and to grant a
new trial. Granting or refusing a new trial on these grounds
of necessity largely rests within the sound discretion of the
trial court. We can only review such a ruling on an alleged
abuse of discretion, and can disturb it only when such an
abuse is made to appear. Such an abuse is alleged by the de-
fendant and denied by the plaintiff. The question then is:
Has the defendant sustained the burden?

Plaintiff's action is predicated on the assault and battery
committed on the 14th, the day it is alleged the defendant
struck him with the shears. Among the alleged issues, the
court submitted this: "That on a previous day the
plaintiff attacked the defendant while in a defense-        **4, 5**
less position or going down a steep stairway and struck
him; that the defendant discharged him and ordered him to
leave the premises and not to return; that the next day the
plaintiff wrongfully visited the defendant's place of business
and endeavored to persuade and induce the defendant's work-
men to quit working for the defendant in the event the de-
fendant prosecuted the plaintiff for the assault on the pre-
vious day; that the defendant again ordered plaintiff to
leave, who declined, called the defendant vile names and at-
tacked and struck him, when a fight ensued in which the
plaintiff received the injury complained of." The court
fully instructed the jury on all the issues presented by the
complaint. On the defendant's theory, among others, the
court gave these:

"In defending himself against the unlawful attack of
another, a man is justified in resorting to such violence and
use of such force as the particular circumstances of the case
may require for his protection. The degree of force to be
employed in protecting one's person must be in proportion
to the force of the attack made, and must depend upon the
circumstances of each particular case, and the imminence of
the danger as it reasonably appears to him at the particu-

lar time. The only purpose which justifies the employment of force against an assault is to defend one's self. That is the object to be attained, and a man is justified in using such an amount of force and no more, as may appear to him at the time to be resonably necessary to accomplish that purpose. As soon as that object is attained it is his duty to desist. You are further instructed that the plaintiff would have the right to visit the defendant's shop for the purpose of removing his tools or other personal property therefrom if he came in good faith for that purpose, and would not be a trespasser by so doing; but if he did not go there for that purpose, and came to defendant's premises for the purpose of causing trouble with the defendant's workmen, or with the defendant, and defendant ordered him to leave, and he did not do so, then the plaintiff was a trespasser, and the defendant had the right to use such reasonable force as was necessary to eject the plaintiff from the premises. If you find from the preponderance of the evidence that the defendant struck the plaintiff with a pair of tailor's scissors as alleged in the complaint, then in determining whether such striking was justified you should take into consideration all of the facts, conditions, and circumstances surrounding the attack as shown by the evidence, together with the occurrences of the previous day as testified to by the witnesses, and all that had been said and done by both of the parties up to the time of the alleged fight, together with the appearance, movements, and language of the plaintiff just prior to and at the time of said fight, and from all such facts determine whether the acts of the defendant would, under such circumstances, be deemed by a reasonably prudent man necessary to protect and defend himself."

On the measure of damages the court gave this:

"If you find for the plaintiff you will assess his damages at such sum as will compensate him for all bodily pain he has suffered, if any, not exceeding the amount alleged, to wit, $1000; also, such sum of money as he necessarily expended in an effort to be cured, if any, not exceeding the amount claimed, to wit, fifty dollars; also, such sum of money as he

may have lost in wages, if any, as a result of the alleged assault and battery, not exceeding the amount alleged, to wit, eighteen dollars; and in addition thereto, if you find that the assault and battery was committed maliciously, then you may award the plaintiff such further sum as punitive damages as you may, in your judgment, determine, not exceeding, however, the sum of $500."

In accordance with that measure, the jury, as hereinbefore stated, found one dollar for pain suffered, twelve dollars for lost wages, twenty-two dollars for medical attendance, and no punitive damages. It is thus seen that the only measure which the court gave the jury on general damages was for pain suffered. The jury were bound by that. No complaint was made of it. Since the evidence with respect to the issues presented by the complaint and the answer was in direct conflict, and in view of the charge with respect to such issues and the measure of damages, can it be said the court, in the exercise of a sound discretion, was justified in the conclusion that the jury, in rendering the verdict returned by them, plainly disregarded or misapprehended the instructions or the evidence, or acted under the influence of passion or prejudice?

The plaintiff urges that since the jury found in his favor the allowance of only one dollar for general damages was so grossly inadequate as to show a disregard of the evidence. That may be true in some cases. But here the court restricted the general damages to pain suffered. No complaint was made of that. Certainly pain resulted from the injury though it was not serious and was but temporary. There, of course, can be no fixed rule to measure the amount of damages to be awarded for pain suffered. From the very nature of things that is something largely to be left to the sound discretion of an unprejudiced jury. Then, on the evidence, and under the charge, the jury may have taken this view of the matter: Though the defendant's plea of self-defense and justification was not sustained, yet the plaintiff was the aggressor in the assault in which the defendant used more

force than was reasonably necessary, and hence allowed the plaintiff less for pain suffered than they otherwise would had he not been the aggressor. On the evidence, and under the charge, the jury, though finding for the plaintiff, could have taken that view. On the record several theories are disclosed to sustain the verdict rendered by the jury. In neither of them can it be said they disregarded or misconceived the instructions or the evidence. Then it is said the evidence without dispute shows that the value of the plaintiff's loss of earnings—one week—was eighteen dollars, but the jury allowed only twelve dollars; that he paid fifty dollars for medical attendance which the doctor testified was reasonable and which was not disputed, and that the jury allowed only twenty-two dollars. In his original complaint the plaintiff alleged he paid twenty dollars and no more for medical attendance and that that was reasonable. Then he amended his complaint and alleged that he paid fifty dollars and that that was reasonable. The testimony of the doctor that fifty dollars was reasonable was not binding on the jury. From the character and extent of the injury, and from all that the doctor did or was required to do in attendance upon the plaintiff, as was fully disclosed by the evidence, and from the facts thus before them upon which the doctor's opinion or conclusion was based, the jury could justly reach the conclusion that twenty-two dollars, two dollars more than was originally averred by him, was reasonable compensation for such services. (*Head v. Hargrave,* 105 U. S. 45, 26 L. Ed. 1028.) That, to a large extent, also applies to plaintiff's loss of earnings. All the jury possible could have allowed him for that was eighteen dollars. He alleged no more. He proved no more. They gave him twelve dollars. To have interfered with the verdict for that reason would have been trivial. As said by some courts, juries, in cases of tort, are more prone to overestimate than underestimate damages, and for that reason trial courts have more often been justified in interfering with verdicts on the ground of excessive damages than on the ground of inadequate damages. But in either case to justify the court in interfering it should be made to appear that the

jury plainly disregarded or misconceived the instructions or
the evidence, or acted under the influence of passion or prej-
udice.   On the record submitted nothing of that kind was
made to appear; and, since it is affirmatively made to appear
that the new trial was not granted on any other ground, it
necessarily follows no legal ground whatever existed to jus-
tify the granting of a new trial.   We are indeed slow to in-
terfere with a ruling granting or refusing a new trial on
questions relating to damages, but a court on the measure of
general damages cannot tie a jury to only pain suffered, and
when they follow and obey that instruction then set the ver-
dict aside, not for a misdirection, but on the ground that they
disregarded or misconceived the instructions and rendered
a verdict which the court thinks does not adequately compen-
sate the plaintiff for his general damages.   Yet that, accord-
ing to the plaintiff's contention, is what the court did—set
the verdict aside because the amount rendered for general
damages was inadequate; and in addition, according to con-
tentions of both parties because the jury rendered twelve dol-
lars instead of eighteen dollars for loss of earnings and
twenty-two dollars instead of fifty dollars for medical attend-
ance.   In view of the issues, the evidence, and the charge we
think the court had no legal ground whatever to interfere
and abused his discretion when he granted the new trial.

A waiver also is urged by the plaintiff.   It consists of this:
Notwithstanding the defendant opposed the granting of the
new trial and took and had noted his exception to the
ruling, yet when the case was reset and came on
regularly for trial the defendant personally and by
his counsel appeared "and took part in the trial of said cause
without any objection."   There is nothing to that.

Then is it also urged that the defendant was not prejudiced
by setting aside the verdict and granting the new trial.   The
argument is that he was not prejudiced because the
judgment of thirty-five dollars against him was va-
cated, and hence the ruling was in his favor.   The
trouble is that was not the ruling.   The ruling not only
vacated the judgment but granted a new trial.   Had the

litigation ended on setting the judgment aside, of course the defendant would not have been prejudiced. But it did not. He was put to the trouble and expense of another trial. When that ended he had a judgment against him for $119 instead of thirty-five dollars, and for additional costs. The claim of no prejudice is as groundless as the claimed waiver.

The judgment of the court below is reversed and vacated; the cause remanded, with directions to reinstate the second judgment; the defendant to pay all taxable costs both in the court below and above incurred up to the rendition and entry of the second judgment, the plaintiff to pay the taxable costs incurred thereafter both in the court below and in the court above.

McCARTY, C. J., and FRICK, J., concur.