261 P.2d 670

**PAUL et al. v. KIRKENDALL et al.**

No. 7957.

Supreme Court of Utah.

Oct. 8, 1953.

2

Howell, Stine & Olmstead, David L. Stine, Glenn W. Adams, Ogden, Donn B. Downen, Jr., Los Angeles, Cal., for appellants.

Young, Thatcher & Glasmann, Paul Thatcher, Ogden, Milo V. Olson, Los Angeles, Cal., for respondents.

McDONOUGH, Justice.

Appeal from a judgment awarding plaintiff $20,000 for damages arising out of an automobile collision, for which defendant admitted liability, and from the trial court's

denial of a motion for new trial on the basis of excessive damages.

Appellant claims here that damages awarded were "so excessive as to appear prejudicial." Rule 59(a) (5), Utah Rules of Civil Procedure, provides that a new trial may be granted on grounds of excessive or inadequate damages, *appearing to have been given under the influence of passion or prejudice*. It is not enough, under this rule nor under the code provision which it supplanted, merely to allege that the amount itself is excessive. The amount of the verdict is ordinarily a matter exclusively for the jury and on the ground of adequacy of the verdict alone, the court may not interfere with the jury's verdict unless it clearly appears that the award was rendered under misunderstanding or prejudice. If inadequacy or excessiveness of the verdict presents a situation that such inadequacy or excessiveness shows a disregard by the jury of the evidence or the instructions of the court as to the law applicable to the case as to satisfy the court that the verdict was rendered under such disregard or misapprehension of the evidence or influence of passion or prejudice, then the court may exercise its discretion in the interest of justice and grant a new trial. Saltas v. Affleck, 99 Utah 381, 105 P.2d 176; Walkenhorst v. Kesler, 92 Utah 312, 67 P.2d 654; Miller v. Southern Pacific Co., 82 Utah 46, 21 P.2d 865. Therefore, in reviewing the trial court's ruling denying defendant's motion for new trial on grounds of excessiveness of damages awarded by the jury's verdict, this court is limited to a determination of whether such a ruling was an abuse of discretion. The Supreme Court is slow to interfere with a trial court's ruling granting or refusing a new trial on questions relating to damages. Hirabelli v. Daniels, 44 Utah 88, 138 P. 1172; Chatelain v. Thackeray, 98 Utah 525, 100 P.2d 191. The question here on appeal, then, is a determination of whether the damages awarded bear no proper relation to the wrong suffered as shown by the evidence and in accordance with the instructions of the court so that this court may exercise its power to set aside the verdict of the jury.

Irene Paul was awarded $11,800 general damages, Charles J. Paul was awarded $200 for damage to his automobile and $5,000 for loss of his wife's services, and there was a further award of $3,000 special damages to Irene and Charles J. Paul. Appellant complains that the general award to Irene Paul was excessive in view of the fact that she has a long history of physical disorder, dating from the time she was 13 years old to her present age of 40. His second contention is that the award of $5,000 to Charles J. Paul for loss of his wife's services is excessive inasmuch as the $3,000 special damages apparently included the cost of household help up to the time of the trial.

Generally the evidence is not in conflict; respondent Irene Paul made no effort to conceal the fact that she had always been a nervous person and that she had undergone

treatment for various ailments including sinus trouble, kidney disorders, and unusual complications resulting from pregnancy, childbirth, and miscarriages. She testified, however, that in spite of these difficulties she had always accomplished the duties of housewife without help before the time of the accident and that since the accident and subsequent operation on her spine, she had been confined to her bed and even at the time of the trial was unable to perform the heavier work of keeping house and was presently wearing a brace to immobilize her back to permit fused vertebrae to strengthen. There was some conflicting evidence as to whether or not the operation on her spine, the purpose of which was to eliminate a joint between two vertebrae of her back, was a necessary operation and if it was necessary, whether it became necessary by reason of the accident or the previous illnesses. The jury had before them the testimony of a number of doctors testifying on both sides of the case and evidently concluded that the operation was proximately required as a result of the injury to her back received in the accident.

 There was a great deal of testimony regarding the pain suffered from the time of the accident to the time of the operation and subsequent thereto in addition to Mrs. Paul's condition prior to the accident. The court instructed the jury that if they should find the plaintiff entitled to a verdict they should assess the damages suffered as a proximate result of defendant's negligence "such sum as will compensate said plaintiff, Irene Paul, reasonably for any pain, discomfort, fears, anxiety, and other mental and emotional distress" and for "such like detriment, if any, as she is reasonably certain to suffer in the future from the same cause." Appellant does not object to this instruction nor does it appear that the jury disobeyed or misconceived the instruction of the court. There can be no fixed rule to measure the amount of damages to be awarded for pain suffered; the matter is properly left to the sound discretion of an unprejudiced jury, Hirabelli v. Daniels, supra, and the jury is allowed great latitude in assessing damages for personal injuries. Duffy v. Union Pac. R. R. Co., Utah, 218 P.2d 1080. The elements which the jury could properly consider in arriving at a figure which, of course, can only approximate compensation to the plaintiff, are loss of wages, permanent disability, loss of bodily function, disfigurement and prolonged pain and suffering. Duffy v. Union Pac. R. R. Co., supra. In this case, the testimony of the operating surgeon was that the purpose of the operation was to reduce the continuous pain in the patient's back, and that improvement could be expected up to one year after the fusion operation but that it was common for some ache or pain to continue and that the back would naturally be less flexible than normal. Mrs. Paul is 40 years old; the jury watched her movements and heard her testimony as to the pain she was suffering nearly one year after the operation. In

view of her present life expectancy, it cannot be said that the jury acted arbitrarily in fixing the award for her future pain and suffering plus the distress suffered by her from the time of the accident to the time of trial. In addition, the permanency of disability indicates that the limitation of the enjoyment of prior habits of work and recreation was considered by the jury in arriving at the figure of $11,800. Thus, it was not an abuse of discretion by the trial court not to grant a new trial on this basis.

As to the basis of the jury award of $5,000 to Mr. Paul for loss of his wife's services, the jury could properly consider not only the household help necessary up to the date of the trial, for which respondents were compensated in special damages, but could also consider the fact that work for which help was hired was not all that previously performed by Mrs. Paul. Edminster v. Thorp, 101 Cal.App.2d 756, 226 P.2d 373. The award must also include the cost of hiring help in the future, as well as damages for those services rendered in the relationship of husband and wife beyond the duties of servants, and this court cannot say as a matter of law that the diminution in the services performed by the wife is to be valued at less than $200 per year for the rest of her life.

The judgment of the trial court is affirmed. Costs to respondents.

WOLFE, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.