286 P.2d 240

Clifton M. BOWDEN, Plaintiff and
Respondent,

v.

The DENVER & RIO GRANDE WESTERN
RAILROAD COMPANY, a corporation,
Defendant and Appellant.

No. 8054.

Supreme Court of Utah.

June 30, 1955.

Van Cott, Bagley, Cornwall & McCarthy, Clifford L. Ashton, Leonard J. Lewis, Salt Lake City, for appellant.

Rawlings, Wallace, Roberts & Black, Salt Lake City, for respondent.

CROCKETT, Justice.

Clifton M. Bowden, brakeman, fell and and was injured as he attempted to alight from defendant's engine cab to attend to a switch. He brought this action under

the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The verdict went against him and the trial court granted a motion for a new trial. This is an intermediate appeal, allowed by this court because it was represented that a review of such ruling may obviate another trial and submission of this cause to another jury on principles which defendant claims are erroneous.

The incident occurred December 21, 1951, at Soldier Summit, Utah, a high mountain pass where it snows a great deal and the snow lies deep in the winter. Snow had been falling during the early morning hours. While it was still dark this freight train pulled into the passing track to allow a westbound freight to pass on the main line. Plaintiff's version of what happened was that as he was getting off the engine cab, he put his left foot on the ladder, and then swung his right foot out, it was caught by the snowbank alongside the track, sweeping his feet out from under him; he clung on for a short distance, then fell, suffering the injuries of which he complains.

The charge of negligence against the defendant is that it failed to provide plaintiff with a safe place to work in that its snowplow, in cleaning the snow from the tracks, had left the snowbank so close thereto that the clearance was impaired and dangerous to plaintiff in performing his duties.

Ordinarily the trial court has a wide discretion in granting or denying motions for a new trial, with which this court is reluctant to interfere, and will do so only if there is a clear abuse of discretion.[1] However, in the present instance in a written opinion granting the motion, the trial judge stated:

> "[T]he Supreme Court has handed down its decision in the case of Butz v. [Union Pac.] Railroad Co. * * * Under the language in that opinion, the Court concludes that Instructions 9 and 10 * * * were erroneous, and, for that reason and upon that ground, plaintiff's motion for a new trial is granted."[2]

thus limiting the basis for granting the motion to the specific proposition that Instructions No. 9 and 10 as given were in error. That is the problem presented to us on this appeal and we confine our review to its consideration.

Instruction No. 9, the emphasized portion being that which was regarded as error, follows:

> "In order to find that the railroad was negligent in failing to provide a safe place to work in this case, you must find by a preponderance of the evidence that
>
> "(1) *The railroad knew, or by the exercise of reasonable care, should have*

---

1. King v. Union Pacific Railroad, 117 Utah 40, 212 P.2d 692; Crellin v. Thomas, Utah, 247 P.2d 264.

2. Butz v. Union Pac. R. Co., Utah, 233 P. 2d 332, 335.

*known that there was snow* or other substance near the tracks at the point of the accident, which snow or substance created a situation which was not a reasonably safe place for railroad workers to work; and

"(2) *That the railroad had a reasonably sufficient period of time within which to eliminate said snow* or substance and could reasonably have eliminated it, and failed to do so."

Instruction No. 10 is of similar import, indicating that as a condition precedent to liability the railroad must know, or in the exercise of reasonable care should have known, that there was insufficient clearance and that it created an appreciable risk of harm to plaintiff and others similarly situated.

In support of the order granting a new trial plaintiff first contends that the defendant is *charged* with knowledge of conditions existing where its servants work, and that under the facts of this case, it was error to require the plaintiff to show that the railroad had actual or constructive knowledge of any unsafe condition. His argument that under the Federal Employers' Liability Act a servant is not required to prove his employer had actual or constructive knowledge finds support, he avers, in the following language from the Butz case:

"The defendant [R.R. Co.] is charged with knowledge of the physical conditions there existing including the tracks, platform, the baggage trucks and the method of their use and operation."

This statement, if read in isolation, might conceivably provide a basis of argument for the meaning contended for by plaintiff. But considered in context with the entire opinion, we think that such is not the import of that decision. The quoted statement was not intended to mean that the railroad was charged with knowledge of the misplacement of the particular baggage truck in question, but had reference to the general physical conditions there existing, including the tracks, platform, and the fact that these easily movable trucks were used, and of the "method of their use and operation" which was the regularly established means of unloading defendant's baggage cars. We do not perceive that that case presented the problem whether the railroad has an *absolute* duty to provide its employees with a safe place of work, or was charged with responsibility for any conditions of danger that may exist there, regardless of actual or constructive knowledge, and it was not our intention to pass thereon.

■ Nor do we consider that any new or different principle of law was announced in the Butz case. We recognized then, and do now, that "'the Federal Act does not make the railroad an absolute insurer. * * * the Act imposes liability for negligent injuries.' * * *'"[3] The test to

3. Butz v. Union Pac. R. Co., supra, 233 P.2d at page 336, quoting Justice Black in Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497.

be applied in determining negligence is that of reasonable care. Anaylsis of the Butz opinion will show clearly that the proposition there decided was that, viewing all of the evidence in the light most favorable to the plaintiff, reasonable minds might differ as to whether in the exercise of reasonable care "additional precautions should have been taken by the defendant to provide him [plaintiff] with a safe place to work".[4] We also expressly recognized therein the necessity of actual or constructive knowledge, stating at page 334 of 233 P.2d that a defendant employer "is charged with responsibility for conditions of danger * * * of which it either has actual knowledge or is charged with constructive knowledge * * *." What conditions must exist for knowledge to be imputed to the defendant will depend on the circumstances of the particular case, what the defendant in fact knows, or what in reasonable care should be known concerning such conditions in discharging its duty to use reasonable care in providing a safe place for its employees to work. Whenever reasonable minds may differ as to whether it has discharged such duty, the issue is one for a jury to determine. This is quite different from charging the defendant with knowledge of *any* condition of danger the employee may encounter, whether or not the employer has any knowledge or means of knowledge of such condition.

Plaintiff maintains further, however, that even if the law does not impose on the defendant an absolute duty to provide a safe place of work, and it is not necessarily chargeable with knowledge of any dangerous condition which may exist there, that in the instant case, inasmuch as the defendant's servants, the snowplow crew, left the snowbank in whatever condition it was, their knowledge of such condition is the knowledge of the employer. Consequently, it is argued that the question for determination was simply whether there was impaired clearance constituting a hazard to the plaintiff, and that it was error to require a finding that the railroad had knowledge of any unsafe condition. This argument is based upon the supposition that the snowbank was in fact just as the defendant's crew left it, and that the place of injury was at a point where it was necessary to "pull in the wings" of the snowplow near a battery box to avoid damaging it, where some snow was admittedly left. If this had been established without dispute, which it wasn't, then the argument that the knowledge of defendant's employees of such a dangerous condition is imputed to the defendant employer, would have merit.

But if there is a basis in the evidence, or lack of it, from which the jury could reasonably refuse to believe the plaintiff's contention that which ever part of the snow-

---

4. Butz case, supra, 233 P.2d at page 336.

bank caused the accident was in a dangerous condition as left by the snowplow crew, then the defendant was entitled to have the case submitted to the jury on its theory of the evidence, i. e., that it did not create any unsafe condition, and that it had no knowledge or means of knowledge of any such alleged condition. Its defense was that the evidence demonstrated that the engine upon which plaintiff was riding and from which he alighted had gone several hundred feet beyond this battery box before he attempted to get off, and that if he was knocked off the engine by snow, as he says, it was due to his own carelessness since the clearance between the engine and the snowbank was actually sufficient for safety, and also, if his foot was so caught, it was done by newly shifting or drifting snow.

 The plaintiff did testify that the snowbank was a solid, straight up and down surface, three or four feet high, and had been there for some time. However, the evidence is uncontradicted that it had been, and was, snowing that morning; that this particular track had been cleared in the customary manner by the snowplow within a few hours before, and that it was working on other tracks in the vicinity at the time. Plaintiff himself testified that at the time of the accident "there was a small amount of snow falling; wind blowing as usual up there that time of the year; drifting snow some * * *" and that "you couldn't see anything except snow flying and steam." From this evidence and the fact that it is common knowledge that snow is a light unstable substance, likely to shift or drift, the jury need not necessarily have believed that the condition of clearance alongside the engine was in the same condition as left by the snowplow crew. That being so, the premise for imputing knowledge of any unsafe condition on the part of the snowplow crew to the defendant fails, and it was proper for the court to instruct the jury, as it did, that the plaintiff must prove that there was an unsafe condition of which the defendant had actual or constructive knowledge and a reasonable opportunity to eliminate it before he could recover.

It is to be noted that in another Instruction (No. 6) the court correctly advised the jury as to the defendant's duty to plaintiff: That if it failed to use reasonable care to furnish the plaintiff a safe place to work by failing to clean the snow from its tracks a sufficient distance to permit persons riding on the side of engines or cars to do so in safety, that such failure would be negligence, and if it proximately caused, in whole or in part, injuries to the plaintiff, he should recover.

 Still addressing ourselves to the specific ground upon which the new trial was granted, as distinguished from the general discretion reposed in the trial court, which herein was expressly renounced, there is yet another aspect of this case which we believe should have dissuaded that court from granting a new trial, even

450

if it thought technical error had been committed. There is a most important difference between this case and the Butz case hereinabove discussed. In the latter, the trial court had deprived the plaintiff of a trial by jury and resolved all of the issues of fact against him as a matter of law, whereas in this case the matter was submitted to a jury and the facts were found against the plaintiff. We reaffirm our commitment that " 'The right of jury trial * * * is * * * a right so fundamental and sacred to the citizen * * * [that it] should be jealously guarded by the courts.' " [5] But once having been granted such right and a verdict rendered, it should not be regarded lightly nor overturned without good and sufficient reason; nor should a judgment be disturbed merely because of error.[6] Only when there is error both substantial and prejudicial, and when there is a reasonable likelihood that the result would have been different without it, should error be regarded as sufficient to upset a judgment or grant a new trial.[7]

■ It was plaintiff's theory that any dangerous condition must unquestionably have been created by defendant's employees and that the defendant thus had knowledge of it through them, hence the jury should not have been required to find such knowledge. If it be assumed that the evidence would admit of no other reasonable inference than that any condition of danger was created by defendant's employees, then it is so patent and clear that the defendant would have had knowledge of such facts through them that it is difficult to see how any reasonable mind could entertain any thought to the contrary. Implementing this thought, the trial court expressly told the jury in Instruction No. 5 that any "negligence of a fellow employee * * * is imputed to and becomes the negligence of the employer." It thus appears that no added burden was imposed upon the plaintiff by telling the jury that the defendant had to have actual or constructive knowledge of any such condition. We therefore conclude that the new trial was improperly granted and such order is reversed. Costs to appellant.

We concur.

McDONOUGH, C. J., and HENRIOD, WADE, and WORTHEN, JJ., concur.

5. Butz, 233 P.2d at page 337, quoting Justice Murphy in Jacob v. City of New York, 315 U.S. 752, 62 S.Ct. 854, 86 L. Ed. 1166.

6. See Startin v. Madsen, Utah, 237 P.2d 834, at page 836, and cases and authorities cited therein.

7. Rule 61, U.R.C.P. provides "* * * no error or defect * * * is ground for granting a new trial or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court * * * must disregard any error * * * which does not affect the substantial rights of the parties." See also Uptown Appliance & Radio Co. v. Flint, Utah, 249 P.2d 826; Crellin v. Thomas, Utah, 247 P.2d 264.