366 P.2d 701

Vada WELLMAN, Plaintiff and Respondent,

v.

V. Glen NOBLE and Perry C. Adams,
Defendants and Appellants.

No. 9392.

Supreme Court of Utah.

Dec. 5, 1961.

L. E. Midgley, Salt Lake City, for appellants.

David K. Holther and Kunz & Kunz, Ogden, for respondent.

WADE, Chief Justice.

Appeal from a judgment granting a new trial as to damages, unless both sides agreed to an addition of $3,000 to a general damage jury award of $2,000 and special damages of $2,500.[1] Defendants withheld consent.

Two questions require consideration: 1) Was the court's refusal to instruct on "unavoidable accident" prejudicial error? 2) Did the court abuse its discretion in granting a new trial? We consider these questions in the order stated.

1) The failure to instruct on "unavoidable accident" was not prejudicial error.

In the rolling knoll country of Nebraska, a truck towing a house trailer at about 45–50 m. p. h. followed by a Studebaker, followed by a Cadillac, in which plaintiff was riding, followed by defendant Adams' truck-trailer, ran out of gas and was driven alongside the highway and stopped. The Studebaker passed. The Cadillac pulled up and stopped, signalling traffic behind. The vehicle driven by defendant Adams having followed this combination of vehicles for some five miles, came over the crest of the swells and rammed the Cadillac, pushing it forward some 15–20 feet, in which collision plaintiff suffered a whiplash. The driver says he did not see the parked cars until about 100 feet away, and was unable to stop to avoid the collision. Technical expert opinion justifies such conclusion assuming such circumstances. However, other evidence indicates that Adams should have seen the stopped vehicle when he was much farther away.

---

1. Rule 59(a) (5), Utah Rules of Civil Procedure: A new trial may be granted because of "excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice."

We have stated sparingly here only such circumstances, controverted or otherwise, as would justify an instruction on an unavoidable accident, depending of course on the facts of each individual case. The court in its instructions fully instructed the jury on the question of negligence and proximate cause.

This court has held that in cases where the facts warrant doing so, it is not error to give an instruction on unavoidable accidents.[2] However, actually such an instruction in most cases is superfluous in view of the other instructions which are given covering the basic issues in accident cases and serves no useful purpose except to add to the length of the instructions and to that extent detract from their effectiveness. We know of no case where this court has ever held the failure to give an instruction on unavoidable accident to be prejudicial error. As stated in Porter v. Price, "In most cases the usual instructions on negligence and proximate cause makes it sufficiently clear that the plaintiff must sustain his burden of proof on these issues in order to recover, * * *."[3]

■ When the error assigned is the giving or failure to give instructions, the real inquiry should be were the issues of fact necessary to be determined, and the principles of law applicable thereto, correctly presented to the jury in a clear and understandable manner? That is the purpose of instruction and if it is accomplished, the failure to give additional ones is not of controlling importance. In this case the court told the jury in clear and unmistakable language that there could be no recovery unless plaintiff proved by a preponderance of the evidence that the defendant was negligent and such negligence proximately caused the accident, which terms were properly defined and related to the specific acts of negligence charged. The only possible meaning and effect of this instruction was to advise the jury that they could not find for the plaintiff, if the occurrence was an unavoidable accident. This is an adequate answer to the plaintiff's complaint about the failure to instruct on the subject of unavoidable accident. But the court went further and although it did not use the exact words of the defendant's request, gave another instruction which covered it in substance. In its instruction No. 13, the court stated: "The mere fact that a collision happened, considered alone, does not support an inference that any party to this action was negligent."

Here the issue of unavoidable accident is not involved any more than in practically any other accident case. The defendant's driver said that he saw the cars travelling

---

**2.** Porter v. Price, 11 Utah 2d 80, 355 P. 2d 66, 68.

**3.** See Note 2. Also Annotation "Accident Instructions" in 65 A.L.R.2d 12.

ahead of him; that as he came over the crest of the hill there were no indications that they were stopped; then he "glanced on up the hill [ahead] and back at them, and about that time I realized they were stopped." He was then within about 100 feet of plaintiff's car and too close to stop before striking it. He, of course, was aware of the danger of his heavy load and the difficulties involved in bringing it to a stop and the consequent necessity of keeping a safe distance and a close watch on the cars ahead. Thus, there was ample basis to find him negligent, and only the ordinary indication of an unavoidable accident.

■ In view of the court's full instructions that unless satisfied by a preponderance of the evidence that defendant's negligence proximately caused plaintiff's injuries, she could not recover, if the accident were unavoidable, that is, not caused by negligence, plaintiff could not recover under the instructions given for such instructions not only require proof of negligence but proof of negligence by the defendant which proximately caused plaintiff's injury. So we find no error in failing to so instruct.

2) The court did not abuse its discretion in granting a new trial.

■■ The trial court has a broad discretion in ruling on such a motion which we should not disturb unless there is a plain abuse thereof. We apply a different rule in determining whether this court on appeal should grant a new trial and whether the trial court abused its discretion in granting a new trial. The appellate court should overrule the trial court's denial of a new trial involving a jury verdict only when upon a survey of all the evidence and the reasonable inferences to be drawn therefrom and when viewed in the light most favorable to the jury verdict, the amount of the award cannot be justified from the evidence on any reasonable basis. Of course, if the trial court's order granting a new trial is expressly made on a misconception of the law, we should correct such misconception by reversing such an order granting a new trial.[4] For the trial court has no discretion to grant a new trial in order to misapply the law.

■ Where, as here, a new trial was granted because the trial court found the jury had clearly been mistaken or misconceived the facts or the law on the amount of the damage, or that the verdict was the result of passion and prejudice, we should affirm his decision in granting a new trial unless he has clearly abused his discretion.[5] The mere fact that the jury

4. Bowden v. Denver & Rio Grande Western RR. Co., 3 Utah 2d 444, 286 P.2d 240.

5. See Holmes v. Nelson, 7 Utah 2d 435, 439, 441; 326 P.2d 722, 725/6; Paul v. Kirkendall et al., 1 Utah 2d 1, 261 P.2d

verdict is supported by substantial evidence sufficient to make. a prima facie case and furnish a reasonable basis for their decision does not require that the trial court's order granting a new trial should be reversed. This is especially true where the order for the new trial is based on the amount of the verdict.[6] The trial judge should not grant a new trial, merely because in his opinion the amount of the award was insufficient or excessive.[7] Such action is warranted only when to the trial judge, "it seems clear that the jury has misapplied or failed to take into account proven facts; or misunderstood or disregarded the law; or made findings clearly against the weight of the evidence * * *."[8]

Such test depends largely on the reaction and judgment of the trial judge. The members of this court and other persons might react to the same situation differently. This makes it very difficult for a reviewing court to determine whether there has been an abuse of trial court's discretion. However, since the trial judge has seen and heard the witnesses and had a first-hand view of all of the evidence, and the proceedings throughout the trial and has ruled on the admissibility of the evidence, and instructed the jury on the law governing their verdict, and had opportunity of observing the tactics of the counsel throughout the trial and the jury's reaction thereto, his ruling on a motion for a new trial should not be overruled unless it clearly appears that he has abused his discretion.[9] This court has held in determining whether there has been an abuse of discretion, that where there is substantial evidence showing a reasonable basis to support a verdict in favor of the party moving for a new trial, there is no abuse of discretion in granting a new trial.[10]. In some cases, such rule should not be controlling.

Applying the foregoing rules to the evidence we find no abuse of discretion. From the evidence the trial judge could reasonably conclude that the jury had misapplied or failed to take into account prov-

670; Uptown Appliance & Radio Co. v. Flint et al., 122 Utah 298, 249 P.2d 826; Stack v. Kearnes, 118 Utah 237, 221 P.2d 594; King v. Union Pacific RR. Co., 117 Utah 40, 212 P.2d 692; Saltas v. Affleck et al., 99 Utah 381, 105 P.2d 176; Chatelain v. Thackeray et al., 98 Utah 525, 100 P.2d 191; Bourne v. Moore, 77 Utah 184, 292 P. 1102; Clark v. Los Angeles & Salt Lake RR. Co., 73 Utah 486, 275 P.2d 582; Valiotis .v. Utah-Apex Mining Co., 55 Utah 151, 184 P. 802; Eleganti v. Standard Coal Co., 50 Utah·585, 168 P. 266.

6. Of the cases cited in note 5, the following deal with excessive or inadequate damages: Paul v. Kirkendall, King v. Union Pac.; Saltas v. Affleck, Chatelain v. Thackeray, Bourne v. Moore, and Eleganti v. Standard Coal Co.
7. See cases cited in note 5.
8. The above quotation is from Mr. Justice Crockett's concurring opinion in Holmes v. Nelson cited in note 5. .
9. See cases cited in note 5.
10. See Stack v. Kearnes and King v. Union Pacific RR. Co. cited in note 5.

en facts, or misunderstood or disregarded the law or made findings clearly against the weight of the evidence. This is sufficient to justify the granting of a new trial for a re-submission of that issue to another jury. So there was clearly no abuse of discretion. Although the order granting a new trial on damages only is permitted by our Rules of Civil Procedure,[11] we think that justice and fairness in this case require a new trial on all the issues and not merely on the amount of damages. It is so ordered. No costs awarded.

McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

HENRIOD, Justice (concurring in the result).

I concur in the result but dissent from that portion of the main opinion that 1) concludes that failure to give an instruction on "unavoidable accident" was not prejudicial.

The very facts related in the main opinion prove the significance of an instruction on "unavoidable accident." It is difficult to understand how the main opinion concedes that "technical expert opinion justifies such conclusion, assuming such circumstances" and then says "other evidence indicates that Adams should have seen the stopped vehicle when he was much farther away," without conceding that there was a jury question as to both theories, albeit the opinion states there was no justification for an instruction on each. If there were facts from which reasonable persons could have concluded there had been an unavoidable accident (as the main opinion concedes there were), such a theory is as important as that bottomed on negligence. It deserves a qualitative and quantitative quid pro quo in the way of instructions.

The main opinion finds itself impaled on the horns of a dilemma, one of which seems to have penetrated deeper than the other. If there were evidence jusifying a finding of unavoidable accident, this court seems to indulge in emphasizing an unwarranted dignity to the sometimes worn-out cliche that "failure to give such an instruction was not prejudicial error." I deem that it was prejudicial in this case, and the defendant, who lost, thinks it much more than I do. If the refusal to give the instruction was not prejudicial, it would seem that it would be as facile to say that failure to give the other would not have been prejudicial, on the assumption that juries, in their infinite wisdom, know all about what instructions as to one theory are included in other instructions as to another theory.

It seems to ensue from the conclusion of the majority, that in this forum it is now established that following an instruction on

11. See Utah Rules of Civil Procedure, Rule 59(a).

the burden of proving negligence, the one on unavoidable accident has become engulfed therein,—no longer is necessary. If this be so, our jurisdiction must tear from all the works on instructions, all reference to one on unavoidable accident. So far as I have ever known, an instruction on the quantum of evidence and the burden of proving it to establish negligence has been given in every single case involving the subject of negligence. This court has bid a cool mal voyage to any instruction on unavoidable accident in which I think is involved in every case where it may raise its ugly head.

One's imagination need not extend very far to visualize a case where the facts lend substantial doubt as to defendant's negligence, but little as to the unavoidability of an accident. The main opinion poises the defendant on an instruction precipice with two ropes, one of which he cannot use. Could he emphasize to the jury the strength of one as well as the other, in plain, understandable laymen parlance, he might survive the fall. If I had been on the jury in the light of the facts adduced, I am constrained to conclude that a proper instruction on unavoidable accident would have led me to a conclusion other than that reached,—or slowed me down with a greater hesitation as to which of the two theories more convincingly was borne out by the evidence.

The main opinion suggests that it knows of no case in which we have decided that "failure to give an instruction on unavoidable accident" was held to be "prejudicial error." This could imply only that there cannot be a first time. It is no precedent for the opposite conclusion when that first time comes along. Courts too frequently assume that 1) in every personal injury case one of the litigants was or must have been negligent; or that 2) there is no such thing as an unavoidable accident. I consider such assumptions to have been employed all too frequently. To their dignity we pay tribute by flouting bothersome points on appeal with the convenient method of generalizing nonprejudice. Everything neglected in giving admittedly proper instructions is prejudicial to the loser, and it is no answer to suggest, as does the main opinion, that a failure to give one instruction helps cut down the number of instructions, and that, somehow this is good, even if substantial rights may be affected by the cutting-down process.

To say that one proper instruction is swallowed by another where two distinct theories emerge in a case, lends magnitude to an assumed omniscience of laymen in knowing which technical fish shall be swallowed by the other. There were two distinct theories here, having equal dignity in the courtroom, either of which the jury

could have espoused. Both should have been put to the veniremen. This writer would make book on the outcome of this case had the unavoidable accident instruction been given, and my odds would have favored a different verdict.