383 P.2d 406

Delfin E. ORTEGA, Plaintiff and Respondent,

v.

Perry Arthur THOMAS, Defendant and Appellant.

No. 9709.

Supreme Court of Utah.

June 28, 1963.

K. Samuel King, Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff obtained a jury verdict for damages to his automobile and personal injury to himself which resulted from an automobile collision. Defendant appeals.

In setting forth the basis for appeal defendant's counsel have recited the facts according to their own view of the evidence. The rule is so fundamental that the facts must be viewed in the light most favorable to the party who prevailed below,[1] that it is an indefensible imposition upon this court and opposing counsel not to follow it.

On July 12, 1960, three sailor boys, the defendant, Perry A. Thomas, his brother, Larry, and another passenger, Delbert Schuller, were enroute back to their post after leave from the Navy. In the early morning, about 6:30 a. m., defendant was driving his 1952 Ford sedan, pulling a trailer westward on North Temple Street in Salt Lake City. As he passed over the railroad viaduct, approaching Fifth West Street, he was traveling at an excessive speed, 45 miles per hour. As he approached the traffic light at the intersection of Fifth West, it was red against him, but he proceeded on into the intersection, striking the rear end of the plaintiff's car, which had

Hanson & Baldwin, Merlin R. Lybbert, Salt Lake City, for appellant.

1. Toomer's Estate v. Union Pac. R. R. Co., 121 Utah 37, 239 P.2d 163.

entered the intersection from the north at a moderate speed and on the green light. Plaintiff was hit so hard that it spun his car around and caused the injury and damage which are the bases of this lawsuit.

■ Defendant makes no contention, and advisedly so, about the finding of his own negligence. His primary claim of error relates to the giving of two instructions. In Instruction No. 12 the court told the jury that if they found the defendant negligent, and that it proximately caused plaintiff's injury, " * * * you should determine the damages sustained by the plaintiff * * *." and in No. 14 defined contributory negligence and stated that, "one who is guilty of contributory negligence may not recover from another for any injury suffered * *."

After the jury had deliberated for several hours they came back and requested the court for additional guidance regarding these instructions. Upon consultation with counsel for both sides, and without objection from either of them, the court stated to the jury as follows:

"The instruction you asked about does set out the law applicable to the opposite theories of each party. You should follow the instruction which you think is supported by a preponderance of the evidence."

2. 9 Utah 2d 5, 336 P.2d 781.

Defendant argues that the giving of Instructions Nos. 12 and 14 referred to above, separately and without correlating them, would confuse the jury, citing the case of Ivie v. Richardson.[2] It is true that we there voiced some criticism of similar instructions. In regard to that case, and its possible application here, these observations should be made. The criticism was also leveled at another fault. The instruction regarding negligence ended with the phrase, "then your verdict must be in favor of the plaintiff and against the defendant." Aware that instructions in that form, often referred to as "formula" instructions, sometimes occur over and over again in requests for instructions, or in some instances in instructions actually given by the court, we observed that the instructions in that form are undesirable because they tend to be partial and argumentative. It will be noted that the criticism was in mild language, stating that "It is better to avoid giving such instructions," and went on to say, "of more importance is the (next) error assigned * * *." While we think the criticism is justified, and we reiterate it, the reversal was not placed solely on that ground. On the other hand, there is precedent for refusing to do so.

In the case of Cromeenes v. San Pedro, L. A. & S. L. R. R. Co.,[3] the court had simi-

3. 37 Utah 475, 109 P. 10.

larly charged in a separate instruction as to negligence and the right of recovery without reference to contributory negligence. It was contended that by the giving of this instruction the court, "entirely disregarded the defense of contributory negligence." But this court, through Justice McCarty, pointed out that the matter was taken care of because in another instruction the court had appropriately treated the question of contributory negligence, and stated that the plaintiff could not recover if guilty, just as was done in the instant case. Reference was made to the traditional rule that the instructions must be read and considered together; and that in supplementing each other, they together contained a correct statement of the law; and the judgment was affirmed.

In the instant case the trial court similarly gave an appropriate instruction expressly telling the jury that they should not single out any particular instruction or part thereof and give it undue importance, but should consider them all together and regard each in the light of all of the others. It is also important that in this case after the jury had deliberated for a long time, in response to their question about these instructions, the court advised them that the instructions set out the law applicable to the opposite theories of the parties, and that the jury should follow the instruction which they thought was supported by a preponderance of the evidence. This could hardly have done other than to make clear to them that if they believed that the plaintiff was guilty of contributory negligence, he could not recover.

Complaint is also made of a comment by the trial judge in connection with the ruling upon an objection to the testimony of Peace Officer Carl J. Nemelka concerning tire marks at the scene. He observed that the officer was "an expert in his own sphere and I have allowed him to testify as to the solid brake marks prior to the change of direction." Defendant insists that this had the effect of enhancing the credibility of the witness. We recognize the impropriety, under our law, of the court commenting on the evidence or the weight to be given the testimony of a witness.[4] But as to the charge made here, these observations are pertinent: It is hardly to be expected, and it is not required, that in ruling upon objections the court must be silent as to his reasons. It is but natural and, in most instances, not improper for him to disclose them. The remark complained of was appropriate to the ruling on defense counsel's

4. See Rule 51, U.R.C.P.; State v. Harris, 1 Utah 2d 182, 264 P.2d 284.

objection and, incidentally, could have had no substantial bearing upon the outcome of this trial. It is further to be said that the court very properly thereafter admonished the jury, both as to their exclusive prerogative of judging the credibility of the witnesses and the weight of the evidence; and that the court had not intended to invade their province.

It is necessary to keep in mind that it is the policy of our law that there shall be no reversal of a judgment merely because of error. This firmly established principle is reflected in Rule 61 U.R.C.P. and in our decisional law.[5] In order to justify reversal the appellant must show error that was substantial and prejudicial in the sense there is at least a reasonable likelihood that in the absence of the error the result would have been different.[6] Finding no error or impropriety of that character, it is our conclusion that the trial court was justified in refusing to grant a new trial.

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and CALLISTER, CROCKETT and WADE, JJ., concur.

5. See Startin v. Madsen, 120 Utah 631, 237 P.2d 834; also Moore v. Denver & Rio Grande Western R. R. Co., 4 Utah 2d 255, 292 P.2d 849.

6. Ibid; see also Bowden v. Denver & Rio Grande Western R. R. Co., 3 Utah 2d 444, 286 P.2d 240.