423 P.2d 657

Lorin J. ELLISON, Harry G. Anderson and William A. Dawson, doing business as Famous Foods, a limited partnership, and Bill A. Bayes, administrator with the will annexed of the estate of Harry G. Anderson, deceased, Plaintiffs and Respondents,

v.

L. B. JOHNSON and Lyman E. Passey, Defendants and Appellants.

No. 10550.

Supreme Court of Utah.

Feb. 6, 1967.

E. J. Skeen, Craig G. Adamson, Salt Lake City, for appellants.

William A. Dawson, Henry D. Moyle, Jr., Salt Lake City, for respondents.

CALLISTER, Justice:

The lower court entered judgment for plaintiffs in their action to recover the balance allegedly due under the terms of a "Lease Agreement." Defendants appeal therefrom.

In 1947, plaintiffs entered into a lease with a Dr. Robinson, owner of the real property herein involved. The lease was for a term of 15 years and obligated plaintiffs to pay a nominal monthly rental and to construct a building which would be occupied by plaintiffs during the lease term, but which would become the property of Dr. Robinson at the termination of the lease.

The building was constructed and the plaintiffs conducted a grocery business therein for about eight years. On November 1, 1955, they entered into a "Lease Agreement" with the defendants wherein the latter agreed to "purchase" plaintiffs' leasehold interest, equipment, inventory, etc., for the sum of $39,650.92, which was to be paid in specified monthly installments until the balance of said sum, together with interest thereon had been paid. Under this agreement, defendants were obligated to pay the monthly rent to Dr. Robinson as well as taxes, licenses, fees, etc., connected with the business.

Thereafter, defendants conducted the grocery business, making their payments, and everything went smoothly until in February, 1963. The original lease with Dr. Robinson expired at that time and he advised defendants that it could not be renewed or extended because the State of Utah was condemning the property. Defendants were able, however, to occupy the premises for an additional two months before being compelled by the circumstances to move from the premises. During this hold-over period they continued to pay plaintiffs the monthly installments.

At the time defendants quit the premises there remained unpaid to plaintiffs the sum of $4,778.35. The defendants do not dispute this, but attempt to excuse their failure to pay on the grounds that there was a mutual mistake of fact and a lack of consideration.

The alleged mutual mistake of fact is that it was represented by one of the plaintiffs who drafted the agreement, and was assumed by all parties, that the scheduled monthly installments would amortize the principal sum by the time the Robinson lease expired. This contention is without merit. Plaintiffs deny any mistake and the agreement is unambiguous. In very clear terms the defendants agreed to make monthly payments until the entire purchase price, together with interest, was paid without any reference to the term remaining of the Robinson lease.

■ Even if the defendants could hurdle the parol evidence rule, the proffered testimony of Mr. Passey, one of the defendants was that, "he accepted Mr. Ellison's word as to the computations because, as obviously it was a very detailed and complicated mathematical problem to figure out this amortization * * *," indicates a carelessness upon the part of the defendants.

■ Evidence to sustain a mutual mistake of fact must be clear, definite and convincing, and the party asserting it should not be guilty of negligence in the execution of the contract.[1]

■ As to the contention that there was a lack of consideration, this also is without merit. Defendants argue that the monthly installments consisted in part of payments upon the purchase of inventory and equipment and, in part, rent and, therefore, when they were evicted prior to the payment in full of the principal sum, there was a partial lack of consideration, and they should not be obligated to pay that portion of the unpaid balance attributable to rent.

We have previously stated that the "Lease Agreement" (in reality a bargain and sale agreement) is not ambiguous. It makes no reference to the payment of rents to plaintiffs. The principal sum was the purchase price for not only the equipment and inventory, but also the leasehold interest. The defendants received everything they bargained for.

For the foregoing reasons it was not error for the trial court to refuse to submit these issues to a jury and instead grant judgment for plaintiffs based upon the pleadings, statement of counsel, and proffer of proof.

■ Finally, defendants complain that the lower court erred in not filing its findings of fact and conclusions of law until 19 days after entry of judgment. Even if the case were considered to fall within the purview of Rule 52(a), U.R.C. P.,[2] rather than either Rule 56 or Rule 12(c),[3] the defendants have failed to show that the judgment would have been different had Rule 52(a) been complied with, nor have they shown that such error, if any there was, was substantial or prejudicial.[4]

Affirmed. Costs to plaintiffs.

CROCKETT, C. J., and TUCKETT and HENRIOD, JJ., concur.

McDONOUGH, J., heard the arguments but died before the opinion was filed.

1. Naisbitt v. Hodges, 6 Utah 2d 116, 307 P.2d 620 (1957).
2. Provides that in actions tried without a jury, the court shall make its findings of fact and conclusions of law and direct the entry of an appropriate judgment.
3. Relate to summary judgments which do not require findings or conclusions.
4. Ortega v. Thomas, 14 Utah 2d 296, 383 P.2d 406 (1963).