## GEORGE BROWN *vs.* GEORGE K. KENDALL.

The defendant, having interfered to part his dog and the plaintiff's, which were fighting, in raising his stick for that purpose, accidentally struck the plaintiff and injured him. In an action of trespass for the assault and battery, it was held, that the parting of the dogs was a lawful and proper act, which the defendant might do by the use of proper and safe means; and that if in so doing, and while using due care, and taking all proper precautions, necessary to the exigency of the case, to avoid hurt to others, the injury to the plaintiff occurred, the defendant was not liable therefor; and that the burden of proof was on the plaintiff to establish the want of due care on the part of the defendant. It was held, also, that if, at the time of the injury, both the plaintiff and defendant were not using ordinary care, the plaintiff could not recover, without showing that the damage was caused wholly by the act of the defendant, and that the plaintiff's own negligence did not contribute as an efficient cause to produce it.

THIS was an action of trespass for assault and battery, originally commenced against George K. Kendall, the defendant, who died pending the suit, and his executrix was summoned in.

It appeared in evidence, on the trial, which was before *Wells*, C. J., in the court of common pleas, that two dogs, belonging to the plaintiff and the defendant, respectively, were fighting in the presence of their masters; that the defendant took a stick about four feet long, and commenced beating the dogs in order to separate them; that the plaintiff was looking on, at the distance of about a rod, and that he advanced a step or two towards the dogs. In their struggle, the dogs approached the place where the plaintiff was standing. The defendant retreated backwards from before the dogs, striking them as he retreated; and as he approached the plaintiff, with

his back towards him, in raising his stick over his shoulder, in order to strike the dogs, he accidentally hit the plaintiff in the eye, inflicting upon him a severe injury.

Whether it was necessary or proper for the defendant to interfere in the fight between the dogs; whether the interference, if called for, was in a proper manner, and what degree of care was exercised by each party on the occasion; were the subject of controversy between the parties, upon all the evidence in the case, of which the foregoing is an outline.

The defendant requested the judge to instruct the jury, that "if both the plaintiff and defendant at the time of the blow were using ordinary care, or if at that time the defendant was using ordinary care and the plaintiff was not, or if at that time both plaintiff and defendant were not using ordinary care, then the plaintiff could not recover."

The defendant further requested the judge to instruct the jury, that, " under the circumstances, if the plaintiff was using ordinary care and the defendant was not, the plaintiff could not recover, and that the burden of proof on all these propositions was on the plaintiff."

The judge declined to give the instructions, as above requested, but left the case to the jury under the following instructions : " If the defendant, in beating the dogs, was doing a necessary act, or one which it was his duty under the circumstances of the case to do, and was doing it in a proper way; then he was not responsible in this action, provided he was using ordinary care at the time of the blow. If it was not a necessary act; if he was not in duty bound to attempt to part the dogs, but might with propriety interfere or not as he chose; the defendant was responsible for the consequences of the blow, unless it appeared that he was in the exercise of extraordinary care, so that the accident was inevitable, using the word inevitable not in a strict but a popular sense."

" If, however, the plaintiff, when he met with the injury, was not in the exercise of ordinary care, he cannot recover, and this rule applies, whether the interference of the defendant in the fight of the dogs was necessary or not. If the jury believe, that it was the duty of the defendant to interfere, then the

25 *

burden of proving negligence on the part of the defendant, and ordinary care on the part of the plaintiff, is on the plaintiff. If the jury believe, that the act of interference in the fight was unnecessary, then the burden of proving extraordinary care on the part of the defendant, or want of ordinary care on the part of the plaintiff, is on defendant."

The jury under these instructions returned a verdict for the plaintiff; whereupon the defendant alleged exceptions.

This case was argued at the sittings in Boston, in January last, by *J. G. Abbott,* for the defendant, and by *B. F. Butler* and *A. W. Farr,* for the plaintiff.

SHAW, C. J. This is an action of trespass, *vi et armis,* brought by George Brown against George K. Kendall, for an assault and battery; and the original defendant having died pending the action, his executrix has been summoned in. The rule of the common law, by which this action would abate by the death of either party, is reversed in this commonwealth by statute, which provides that actions of trespass for assault and battery shall survive. Rev. Sts. *c.* 93, § 7.

The facts set forth in the bill of exceptions preclude the supposition, that the blow, inflicted by the hand of the defend· ant upon the person of the plaintiff, was intentional. The whole case proceeds on the assumption, that the damage sus· tained by the plaintiff, from the stick held by the defendant, was inadvertent and unintentional; and the case involves the question how far, and under what qualifications, the party by whose unconscious act the damage was done is responsible for it. We use the term "unintentional" rather than involuntary, because in some of the cases, it is stated, that the act of hold-ing and using a weapon or instrument, the movement of which is the immediate cause of hurt to another, is a voluntary act, although its particular effect in hitting and hurting another is not within the purpose or intention of the party doing the act.

It appears to us, that some of the confusion in the cases on this subject has grown out of the long-vexed question, under the rule of the common law, whether a party's remedy, where he has one, should be sought in an action of the case, or of

trespass. This is very distinguishable from the question, whe‧ ther in a given case, any action will lie. The result of these cases is, that if the damage complained of is the immediate effect of the act of the defendant, trespass *vi et armis* lies; if consequential only, and not immediate, case is the proper remedy. *Leame* v. *Bray*, 3 East, 593; *Hugget* v. *Montgomery*, 2 N. R. 446, Day's Ed. and notes.

In these discussions, it is frequently stated by judges, that when one receives injury from the direct act of another, tres- pass will lie. But we think this is said in reference to the question, whether trespass and not case will lie, assuming that the facts are such, that some action will lie. These *dicta* are no authority, we think, for holding, that damage received by a direct act of force from another will be sufficient to maintain an action of trespass, whether the act was lawful or unlawful, and neither wilful, intentional, or careless. In the princi- pal case cited, *Leame* v. *Bray*, the damage arose from the act of the defendant, in driving on the wrong side of the road, in a dark night, which was clearly negligent if not unlawful. In the course of the argument of that case, (p. 595,) Lawrence, J., said: " There certainly are cases in the books, where, the injury being direct and immediate, trespass has been holden to lie, though the injury was not intentional." The term " injury " implies something more than damage; but, independently of that consideration, the proposition may be true, because though the injury was unintentional, the act may have been unlawful or negligent, and the cases cited by him are perfectly consistent with that supposition. So the same learned judge in the same case says, (p. 597,) " No doubt trespass lies against one who drives a carriage against another, whether done wilfully or not." But he immediately adds, " Suppose one who is driving a carriage is negligently and heedlessly looking about him, without attending to the road when persons are passing, and thereby runs over a child and kills him, is it not manslaughter? and if so, it must be trespass; for every manslaughter includes trespass;" showing what he understood by a case not wilful.

We think, as the result of all the authorities, the rule is cor‧ rectly stated by Mr. Greenleaf, that the plaintiff must come

prepared with evidence to show either that the *intention* was unlawful, or that the defendant was *in fault;* for if the injury was unavoidable, and the conduct of the defendant was free from blame, he will not be liable. 2 Greenl. Ev. §§ 85 to 92; *Wakeman* v. *Robinson*, 1 Bing. 213. If, in the prosecution of a lawful act, a casualty purely accidental arises, no action can be supported for an injury arising therefrom. *Davis* v. *Saunders*, 2 Chit. R. 639 ; Com. Dig. Battery, A.(Day's Ed.)and notes ; *Vincent* v. *Stinehour*, 7 Verm. 69. In applying these rules to the present case, we can perceive no reason why the instructions asked for by the defendant ought not to have been given ; to this effect, that if both plaintiff and defendant at the time of the blow were using ordinary care, or if at that time the defendant was using ordinary care, and the plaintiff was not, or if at that time, both the plaintiff and defendant were not using ordinary care, then the plaintiff could not recover.

In using this term, ordinary care, it may be proper to state, that what constitutes ordinary care will vary with the circumstances of cases. In general, it means that kind and degree of care, which prudent and cautious men would use, such as is required by the exigency of the case, and such as is necessary to guard against probable danger. A man, who should have occasion to discharge a gun, on an open and extensive marsh, or in a forest, would be required to use less circumspection and care, than if he were to do the same thing in an inhabited town, village, or city. To make an accident, or casualty, or as the law sometimes states it, inevitable accident, it must be such an accident as the defendant could not have avoided by the use of the kind and degree of care necessary to the exigency, and in the circumstances in which he was placed.

We are not aware of any circumstances in this case, requiring a distinction between acts which it was lawful and proper to do, and acts of legal duty. There are cases, undoubtedly, in which officers are bound to act under process, for the legality of which they are not responsible, and perhaps some others in which this distinction would be important. We can have no doubt that the act of the defendant in attempting to part the

Brown *v.* Kendall.

fighting dogs, one of which was his own, and for the injurious acts of which he might be responsible, was a lawful and proper act, which he might do by proper and safe means. If, then, in doing this act, using due care and all proper precautions necessary to the exigency of the case, to avoid hurt to others, in raising his stick for that purpose, he accidentally hit the plaintiff in his eye, and wounded him, this was the result of pure accident, or was involuntary and unavoidable, and therefore the action would not lie. Or if the defendant was chargeable with some negligence, and if the plaintiff was also chargeable with negligence, we think the plaintiff cannot recover without showing that the damage was caused wholly by the act of the defendant, and that the plaintiff's own negligence did not contribute as an efficient cause to produce it.

The court instructed the jury, that if it was not a necessary act, and the defendant was not in duty bound to part the dogs, but might with propriety interfere or not as he chose, the defendant was responsible for the consequences of the blow, unless it appeared that he was in the exercise of extraordinary care, so that the accident was inevitable, using the word not in a strict but a popular sense. This is to be taken in connection with the charge afterwards given, that if the jury believed, that the act of interference in the fight was unnecessary, (that is, as before explained, not a duty incumbent on the defendant,) then the burden of proving extraordinary care on the part of the defendant, or want of ordinary care on the part of plaintiff, was on the defendant.

The court are of opinion that these directions were not conformable to law. If the act of hitting the plaintiff was unintentional, on the part of the defendant, and done in the doing of a lawful act, then the defendant was not liable, unless it was done in the want of exercise of due care, adapted to the exigency of the case, and therefore such want of due care became part of the plaintiff's case, and the burden of proof was on the plaintiff to establish it. 2 Greenl. Ev. § 85; *Powers* v. *Russell,* 13 Pick. 69, 76; *Tourtellot* v. *Rosebrook,* 11 Met. 460.

Perhaps the learned judge, by the use of the term extraordinary care, in the above charge, explained as it is by the context,

may have intended nothing more than that increased degree of care and diligence, which the exigency of particular circumstances might require, and which men of ordinary care and prudence would use under like circumstances, to guard against danger.   If such was the meaning of this part of the charge, then it does not differ from our views, as above explained.   But we are of opinion, that the other part of the charge, that the burden of proof was on the defendant, was incorrect.   Those facts which are essential to enable the plaintiff to recover, he takes the burden of proving.   The evidence may be offered by the plaintiff or by the defendant; the question of due care, or want of care, may be essentially connected with the main facts, and arise from the same proof; but the effect of the rule, as to the burden of proof, is this, that when the proof is all in, and before the jury, from whatever side it comes, and whether directly proved, or inferred from circumstances, if it appears that the defendant was doing a lawful act, and unintentionally hit and hurt the plaintiff, then unless it also appears to the satisfaction of the jury, that the defendant is chargeable with some fault, negligence, carelessness, or want of prudence, the plaintiff fails to sustain the burden of proof, and is not entitled to recover.                              *New trial ordered*