Minnie Crossman *v.* G. J. Perkins et al.

January Term, 1928.

Present:   Watson, C. J., Powers, Slack, Moulton, and Chase, JJ.

Opinion filed May 2, 1928.

*M. P. Maurice* for the defendants.

*Carpenter & Clawson* for the plaintiff.

MOULTON, J.   This is an action of tort, and has its basis in a collision between an automobile truck, belonging to the defendants and operated by their agent and servant, and a sleigh in which the plaintiff was riding. Verdict was for the plaintiff, and the defendants have brought the case to this Court on exceptions.

■ A physician who had examined the plaintiff shortly before the trial was called as a witness by the defense, and testified to her then physical condition. On cross-examination he testified that he asked her at what time of day the accident happened and that she told him about five o'clock. He was then asked, "Did you ask that of her as a medical expert or as an advocate for the defense?" Objection being made, the question was excluded, and defendants' counsel then asked and was allowed an exception to the asking of the question. No ground for the exception was stated, but it is now claimed that the question was prejudicial because, by implication, it was an assertion that the witness, by his testimony, was presenting an argument for the defense. However, while this method of cross-examination is improper and to be deprecated, prejudice does not appear and the exception is not sustained. *Powell* v. *Merrill,* 92 Vt. 124, 129, 103 Atl. 259; *Foundry Mfg. Co.* v. *Farr,* 96 Vt. 382, 385, 119 Atl. 885.

The evidence on the part of the plaintiff tended to show that she was riding in a sleigh driven by her husband, on Canal Street, in Brattleboro, at about five o'clock in the afternoon of January 20, 1927, at a rate of about eight miles an hour. It was dark, and raining, and the street was slippery. As they approached Clark's garage, they observed two automobiles, standing on the right-hand side of the street, near two gasoline pumps which were in front of the garage. The plaintiff's husband turned out to the left to pass the first automobile, and, when the sleigh was about half way by, the defendant's truck was, without warning, backed out of a driveway between the two parked cars. The plaintiff's husband saw the truck when it was about twenty feet from him. He did not stop, but called to the driver of the truck and turned the horse to the left in an attempt to

get out of the way. The truck struck the sleigh, crowded it against the opposite curb, and the plaintiff was thrown out and injured. The speed at which the truck was driven backward was in dispute, the plaintiff's evidence tending to show that it was very fast; the defendants', that it was as slowly as could be done without stalling the engine.

The evidence on the part of the defendants tended to show that the truck had backed out into the street, come to a stop, and was about to go ahead, when the sleigh hit the back of it.

The negligence complained of was that the truck was driven in a backward direction into the street without taking due and reasonable care to avoid injuring the plaintiff, in that it was driven farther than was absolutely necessary to avoid accident or to proceed on its way, thus colliding with the sleigh.

The court charged the jury that under the statute (No. 70, Acts 1925, § 68, subd. X) it was the duty of the defendants to avoid driving their automobile in a backward direction farther than was absolutely necessary to avoid accident and to proceed on its way; that the jury should consider whether the driver of the truck backed the vehicle farther than was absolutely necessary; and that if the jury were "satisfied by the weight of the evidence that Grout (the driver) backed the truck farther than was absolutely necessary to avoid accident or to proceed on his way, and that such excessive backing was a proximate cause of the accident, the plaintiff is entitled to recover, if the other elements of her case are made out." Practically the same language was used elsewhere in the charge.

The defendant excepted to the charge with reference to the automobile having taken more room than necessary in backing into the street, and the application of the section of the statute to the case, and to the submission of any issue thereunder to the jury with reference to the backing out of the truck farther than was necessary to proceed on his way.

The grounds of the exception were that there was no evidence of the necessity; no evidence of the room required by the truck to avoid the car which was standing beside the gasoline pumps; and no standard or evidence warranting the submission of this issue to the jury, or warranting the charge of the court with reference to this issue. We consider only the grounds stated.

In their brief the defendants say that there was no evidence what part of the width of the driveway the truck backed out; or of the distance from the curb of the parked car, around which the truck must be backed; or of the arc of the circle which was necessary for the truck to use in backing; or of the length of the truck; and no evidence from which any lack of necessity can be inferred.

The evidence tended to show that the width of the .street, where the collision took place, was 33 feet, 7 inches, and that of the driveway from which the truck backed out, 27 feet, 3 inches. The place where the collision took place was beyond the center of the traveled street, and when the sleigh was struck it slid over the curb on the opposite side from the garage and driveway. The truck was of one ton carrying capacity. A photograph, introduced in evidence by the defendants, showed the truck standing in the street substantially at the spot where it was at the moment of the collision, and measurements taken by the defendants disclosed that the distance from its rear to the gas pump in front of the garage was 20 feet and 11 inches, and from its rear to the opposite curb, 12 feet and 8 inches; so while the length of the truck did not exactly appear, its length in relation to the width of the street was shown, and the respective distances from each side allowed the jury approximately to estimate it, and judge of the situation.

The defendants argue that there was no evidence that the truck was backing to avoid injury. But the exception as stated was to the charge with reference to the backing of the truck farther than was necessary to proceed upon its way. And so we pay no further attention to this question, as it was not raised below. *Capital Garage Co.* v. *Powell et al.,* 97 Vt. 204, 210, 122 Atl. 423; *Grapes* v. *Willoughby,* 93 Vt. 458, 461, 108 Atl. 421; *Blaisdell* v. *School District,* 72 Vt. 63, 67, 47 Atl. 173.

We think that on the evidence the question whether the truck was driven in a backward direction farther than was absolutely necessary to proceed on its way was for the jury, and this exception is not sustained.

The court instructed the jury without exception being taken that, if they should find that the plaintiff's husband was negligent in the driving of his team, and that Grout (the driver of the truck) was also negligent in the operation of the truck, and that the negligence of the two concurred in causing the in-

jury, the plaintiff was entitled to recover, if herself free from contributory negligence, because her husband's negligence could not be imputed to her; and that her husband's negligence was material only as it bore upon the question of Grout's negligence in determining whether the accident was due solely to the husband's negligence, in which case the defendants were not liable, or solely to the negligence of Grout, or to concurring negligence of Grout and the husband, in either of which situation the defendants were liable, if the plaintiff was free from contributory negligence. And, further: "In determining this question, whether the plaintiff's husband was negligent in the driving and management of his team, and whether that was the sole, proximate cause of the accident, you should consider that, in driving his team over Canal Street, he had the right to assume that Grout in backing the truck would obey the law, and would exercise due and reasonable care to avoid injury to other users of the highway and would not back farther than was absolutely necessary to avoid accident or to proceed on his way, and he had the right to proceed on that assumption until he saw or ought to have seen to the contrary."

The defendant excepted to the failure of the court also to charge that Grout had an equal right to assume that the plaintiff's husband would comply with the law and would act as a careful, prudent man under all circumstances of the case in approaching the truck, and that the right of Grout to assume that he would do so was equal and reciprocal with the right of the plaintiff's husband to assume that Grout would so act.

We think the charge should have been given. The question thus presented does not involve the consideration of the existence of contributory negligence. It is whether the injury was the proximate result of the negligence of either Grout or the plaintiff's husband, or of the concurring negligence of both. This was made clear to the jury in the portions of the charge to which reference has been made. Whether Grout acted as a prudent man would act must be determined by a consideration of all the surrounding circumstances. He had no right to assume that the road was clear, but was bound to be vigilant, watchful and to have anticipated and expected the presence of others. *Lee* v. *Donnelly*, 95 Vt. 121, 125, 113 Atl. 542. Indeed, there was evidence tending to show that he knew that a team was approaching. But he also had the right to assume that the driver of the

team would exercise care and diligence, and the care and diligence of Grout is to be measured in view of this assumption. *Gallagher* v. *M. and W. R. R. Co.*, 100 Vt. 299, 304, 137 Atl. 207, 52 A. L. R. 744. This exception is sustained.

This disposes of all the questions raised in the defendant's brief.

*Judgment reversed, and cause remanded.*