CHARLES W. WOOD, JR., PRO AMI *vs.* JOSEPH BALZANO.

CHARLES W. WOOD *vs.* JOSEPH BALZANO.

Cumberland.    Opinion, September 11, 1940.

*Bernstein & Bernstein,* for plaintiffs.
*I. Edward Cohen,* for defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, JJ.

MANSER, J.    These actions, heard together before a referee, are for damages for personal injuries to the infant plaintiff, and ex-

penses incurred in connection therewith, by his father. The defendant filed written objections to the reports of the referee in favor of the plaintiffs, and the cases come forward on exceptions to the acceptance of the reports, on the question of liability, no objection being made as to the amounts awarded.

The minor plaintiff, a child of four years, was quite seriously injured, when an automobile operated by the defendant was being backed out of a dooryard where the boy was at play with other children. Questions of fact are decided and settled by referees, and such decision will not be disturbed if supported by any evidence of probative value. *Hincks Coal Co.* v. *Milan et al.*, 135 Me., 203, 193 A., 243 ; *Richardson* v. *Lalumiere*, 134 Me., 224, 184 A., 392.

The issues before the referee were negligence on the part of the defendant, and the claim by the defendant that there was imputable negligence on the part of the parent for leaving the child in a place of danger. The exceptant must show that as a matter of law the facts did not warrant an award against him.

From the preponderance of evidence, the referee would be justified in finding the following situation :

The families of both plaintiff and defendant lived in a six tenement house in Portland. In the rear was a court or yard of comparatively small area, commonly used as a playground by the children in the block. There were six children in the plaintiff's family, ranging in age from ten downward. There were at least a dozen other children living in the tenement house. The plaintiff child, and two older sisters, then ten and eight years of age respectively, were playing in the yard, together with other children, in all ten or twelve. The mother had been back and forth in the yard, with an eye to the safety of her children, but a few minutes before the accident had returned to the house to attend to some household duties. The defendant and another young man had been cleaning an automobile belonging to defendant's mother, which was parked in the same yard. He knew that the children were running about the yard, playing tag and hide and seek and if some vanished momentarily, they reappeared with equal celerity. There was evidence that the boy subsequently injured was most of the time sitting down and playing in the sand with another boy a year younger. Upon completion of his work on the car, the defendant and his companion,

entered the car and defendant undertook to back it out of the yard to the street. There was testimony that the defendant blew the horn, but two older children said they did not hear it. The defendant said he was looking into the rear vision mirror, but obviously could not see a small child on the ground in the rear of the sedan car. The infant plaintiff was struck and his leg run over, receiving a "crushing blow," as described by the physician, while the car was still in the yard but approaching the inside edge of the sidewalk. The defendant stopped his car upon hearing a shout from passing pedestrians. The defendant was not starting out on a trip. He testified that he intended merely to park the car beside the street curb.

On the question of negligence of the defendant under such circumstances, our court has said:

"The court should establish as a law the rule which prevents injury or loss of life rather than that which invites or even permits it. This rule is based upon reason and public policy."

"Prudent drivers neither kill children nor injure men, except at very rare intervals, and then only in cases of unavoidable accident or contributory negligence." *Savoy* v. *McLeod*, 111 Me., 234.

Common experience has demonstrated that in backing a closed car the driver is greatly restricted, if not entirely prevented from seeing objects below the rear window and in close proximity to the car. Under such circumstances great vigilance is required to comply with the rule of reasonable care.

"In fact, it has been said to be imprudent to back an automobile out of a garage across the sidewalk without taking extra precautions to avoid running down passers-by. Especially where the view is obstructed is it necessary to take extra precautions." 5 Am. Jur., Automobiles Sec. 332.

So in the Vermont case of *Crossman* v. *Perkins*, 101 Vt., 94, 141 A., 594, where a motor truck was backing out of a driveway into the street, the court said:

"He had no right to assume that the road was clear, but was bound to be vigilant, watchful and to have anticipated and expected the presence of others."

Here the defendant knew a considerable group of small children was playing about the yard, even though momentarily out of sight. The referee, guided by the rules stated, would be justified in deciding that sufficient precautions were not taken, and even that it would have been entirely reasonable for the defendant to have required his companion to stand upon the ground and act as a lookout.

As to imputable negligence of the parent, our court has adopted the rule stated in Thompson on Negligence, Vol. 1, p. 306, in *Grant* v. *Bangor Ry.*, 109 Me., 133, 83 A., 121:

> "Small children have a right to light, air and exercise and the children of the poor cannot be constantly watched by their parents."

> "No hard and fast rules as to the care of children can be laid down and the financial condition of the family, and the other cares devolving upon the parents are not to be ignored."

This is reiterated in *Farrell, pro ami* v. *Hidish*, 132 Me., 57, 165 A., 903.

In this case the mother may well have considered that her three children were in a place of comparative security, and her concern in going out from time to time was to see that they remained within its confines.

The defendant fails to show that the referee erred as a matter of law in making awards for the plaintiffs. In each case the entry will be:

*Exceptions overruled.*

(BARNES, C. J., having retired, did not join in this opinion.)