McCLARREN *v.* BUCK.

LYNCH *v.* SAME.

1. Words and Phrases—Unavoidable Accident.
   The term "unavoidable accident" means such an unexpected catastrophe as occurs without any of the parties thereto being to blame for it.

2. Automobiles—Intersection—Instructions—Unavoidable Accident.
   A collision in broad daylight between westbound taxicab, in which plaintiff women were passengers, and defendants' northbound left-turning car which had stopped in intersection to wait for traffic light to turn in favor of westbound traffic

---

References for Points in Headnotes

[1] 38 Am Jur, Negligence § 6.
[2] 5 Am Jur, Automobiles § 162; 38 Am Jur, Negligence § 6.

before proceeding into westbound lane was not an "unavoidable accident," where both cars were in motion under their own power and no outside force caused or contributed to the collision, as one or both drivers were guilty of negligence, hence, it was error to instruct jury it might find there was an unavoidable accident.

Appeal from Wayne; Murphy (George B.), J. Submitted June 15, 1955. (Docket Nos. 26–29, Calendar Nos. 46,211–46,214.) Decided October 3, 1955.

Separate actions by Elliott McClarren, Lillian McClarren, Patrick Lynch and Hattie Lynch against William A. Buck and Paul Sanderson for damages arising from injuries received in automobile collision. Cases consolidated for trial and appeal. Verdicts and judgments for defendants. Plaintiffs appeal. Reversed and remanded.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for plaintiffs.

*Moll, Desenberg, Purdy & Glover,* for defendant Buck.

*Davidson, Kaess, Gotshall & Kelly,* for defendant Sanderson.

SHARPE, J. This is an appeal by plaintiffs from judgments of no cause of action. The basis of the appeal is the following instructions given to the jury:

"I charge you that merely because an accident happens and an injury results does not in and of itself give rise to the fact that it is necessary to bring a verdict in favor of the plaintiffs in these cases. I charged you before along that line that the mere happening of an accident doesn't in and of itself warrant a verdict in favor of the plaintiffs.

"In that connection, I charge you that should you find from the facts and circumstances that this was an unavoidable accident, then it would be your duty to return a verdict of no cause of action. In that regard, you are to check and analyze the testimony."

The essential facts are as follows: On September 8, 1951, plaintiffs, Hattie Lynch and Lillian McClarren, were passengers for hire in a taxicab which was headed in a westerly direction on Six Mile road, also known as McNichols road, but hereafter referred to as Six Mile road, at the intersection of Woodward avenue in the city of Highland Park, Michigan. At the same time defendant, William A. Buck, was proceeding in a northerly direction on Woodward avenue. When he was 1 block away from Six Mile road he noticed the traffic signal changing from red to green. He stopped at the intersection with the front end of his motor vehicle approximately in the center of Six Mile road. He intended to make a left-hand turn at the intersection. His view to the right was blocked by other traffic. His car was the only car in the intersection waiting to make a left-hand turn. After the light turned green for traffic on the Six Mile road, defendant Buck started to turn into the westbound traffic.

The cab driver testified that when he was 75 feet east of Woodward avenue, proceeding on Six Mile road and traveling at a speed of 20 to 25 miles per hour, he did not see any car within the intersection facing north, but as he entered the intersection he noticed a westbound vehicle waiting to make a left-hand turn to go south on Woodward avenue. He attempted to pass north of the standing car, and at this time the Buck car moved forward, resulting in a collision of both cars and personal injuries to plaintiffs who were occupants of the cab. Defendant Buck claims that there was no traffic which

went across Woodward avenue going west until the the taxicab hit him.

The cause came on for trial, and at the conclusion of all evidence the trial court submitted the cause to the jury. In his instructions to the jury, the trial judge gave the instructions heretofore mentioned. The jury returned a verdict in favor of defendants. Thereafter plaintiffs made a motion for a new trial which was denied. From such denial plaintiffs appeal. In their claim of appeal they raised the issue now before us.

In *Hicks* v. *Brown,* 136 Tex 399, 402 (151 SW2d 790, 792), it was said:

" 'The term "unavoidable accident" means such an unexpected catastrophe as occurs without any of the parties thereto being to blame for it.' "

See, also, *Miller* v. *Panhandle & S. F. R. Co.* (Tex Civ App), 35 SW2d 194.

In the case at bar the collision occurred in broad daylight at a controlled intersection. Both cars were in motion on their own power. No outside force caused or contributed to the collision. Under the facts in this case 1 or both of the drivers of the colliding cars were guilty of negligence. Under such circumstances it was error to give the quoted instructions to the jury.

In our opinion the instructions were prejudicial to the rights of plaintiffs. The judgments are reversed and remanded for a new trial. Plaintiffs may recover costs.

CARR, C. J., and BUTZEL, SMITH, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.