305 P.2d 478

Elmer HUBER and Roy Huber, Plaintiffs and Respondents,

v.

DEEP CREEK IRRIGATION COMPANY, a corporation, Ollie W. Justice, Orland Cook, Darvall Cook and Ben Cook, Defendants and Appellants,

Mosby Irrigation Company, Intervenor.

No. 8432.

Supreme Court of Utah.

Dec. 27, 1956.

Arthur H. Nielsen, Salt Lake City, for appellants.

Clyde & Mecham, Salt Lake City, for respondents.

Ray E. Dillman, Roosevelt, for intervenor.

HENRIOD, Justice.

Appeal from a judgment for plaintiffs quieting title to water rights claimed under state Certificate 1477. Affirmed, costs to plaintiffs.

Defendants say 1) the court erred in fixing plaintiffs' priority as of January 10, 1908, and in concluding that their rights had not been lost or delayed, 2) in failing to find an abandonment of use, and 3) that plaintiffs failed to show right to use by failing to show that the land did not carry the burden of water to which it had been allocated.

As to 3): This contention was raised for the first time on appeal, and we feel constrained not to entertain it.

■ As to 2): If the trial court believed substantial evidence appearing of record, its finding of non-abandonment was supported and not disturbable by us.

■ As to 1): Reviewing facts favorable to plaintiffs: On January 10, 1908, plaintiffs' predecessor, Gerber, applied for 6.28 c.f.s. of irrigation water. The state engineer approved the application on July 31, 1909. Later the applicant was told that final proof would be required by July 31, 1923, or within 14 years of approval.[1] On July 25, 1923, the $1 fee to file final proof was paid, and on July 30, 1923, a state-furnished final proof form was filed. A $5 fee required for filing maps, etc.[2] did not accompany the filing and was not paid until October, 1923.

Maps, profiles or drawings which the statute contemplated should be filed with the final proof form, were not filed except by reference to an earlier applicant's maps, etc., which included part of the land involved, such incorporation by reference uncontrovertedly being a customary practice. The final proof form was not sworn to, until all maps and requested corrections had been perfected. It seems undisputed that such verification customarily was deferred until all details were satisfied. No question of mala fides, neglect or refusal to accomplish requested procedure is evident from the record.

■ Defendants say plaintiffs' claim is invalid because a) they failed to pay the $5 fee for examination of maps, etc. at the time of filing final proof form, b) they failed to file maps, etc. with the final proof form and c) they failed to swear to the final proof form,—which form, incidentally, was filed *on time*.

As to a): No statutory provision requires payment of $5 at time of filing the final proof form. The $5 was paid in October 1923,—soon enough so far as we can see, particularly since no one objected.

■ As to b): Part of the so-called "maps, profiles or drawings" *was* filed along with the final proof by incorporating at least some of the identical land by reference to maps filed by a prior applicant. To require filing of maps, etc. 100% in detail at time of filing final proof at the expense of losing a 15-year diligence right, would be absurd. We say that an honest, substantial and reasonable compliance with this feature of the statute, coupled with full adherence to the directions and requests of the state engineer with respect to necessary or desired corrections before issuance of certificate and before anyone protests, reasonably should satisfy the statute.

1. See Sec. 52, Chap. 67, Laws of Utah 1919.

2. Sec. 2516, Title 31, Comp.Laws Utah 1917.

As to c): Perfecting water rights in Utah at best is not easy. Plaintiffs and their predecessors consumed about 15 years of effort in perfecting their rights with no apparent lack of diligence or mala fides, and for 30 years thereafter beneficially used the water, aggregating 45 years of perfecting rights and beneficial use of the water. To deny one rights to such water because, at the possible expense of perjury, one did not notarize a final proof form until completion of all requests and corrections were made, some details of which one reasonably might believe would bear correction,—as here,—also would seem absurd. Such denial might invite doubts as to constitutional guaranties,—unless, of course, an applicant, for no good reason, refused to take an oath, or displayed, through his action, an intention to flout the letter and spirit of statutory interdiction reasonably calculated to preserve the life-blood of this arid community,—water.

We have examined all of the authorities cited pro and con by the parties and consider none needs to be canvassed, since all seem sound, but unnecessary for the purpose of this decision.

McDONOUGH, C. J., and WADE, J., concur.

CROCKETT and WORTHEN, JJ., concur in the result.