436 P.2d 442

Gregory James **WOODHOUSE**, by and through his guardian ad litem, Glen W. Woodhouse, and Glen W. Woodhouse, Plaintiffs and Appellants,

v.

Norma **JOHNSON**, Defendant and Respondent.

No. 10810.

Supreme Court of Utah.

Jan. 18, 1968.

---

Robert M. McRae, Hatch & McRae, Salt Lake City, for appellants.

Neil D. Schaerrer, Thomas, Armstrong, Rawlins, West & Schaerrer, Salt Lake City, for respondent.

CROCKETT, Chief Justice:

Plaintiff sued to recover for injuries suffered by two-and-one-half-year-old Gregory James Woodhouse when the defendant Norma Johnson backed her car into him in a driveway near his home, at 1421 East 8850 South in Sandy, Utah. After a trial a jury returned a verdict of no cause of action. It is neither unnatural nor unusual that the plaintiff, having failed to persuade the jury, is dissatisfied with their verdict and now seeks to upset it and obtain a new trial.

In view of the contentions made to upset this judgment, it seems necessary to restate and emphasize that upon appeal it is our duty to assume that the jury believed the evidence which supports their verdict; and for that reason, to review the evidence and whatever inferences can fairly and reasonably be drawn therefrom in the light most favorable to it.

The afternoon of June 11, 1965, Mrs. Johnson met a friend, Una Jordan, at the Sandy school and gave her and her children a ride home. As they drove eastward on 8850 South approaching the Jordan residence, Mrs. Johnson did not see any children except two older children who went past on bicycles. Mrs. Jordan says she did see two small children on the sidewalk and a group of children playing on the lawn just west of her driveway. Mrs. Johnson made her left turn north into the Jordan's driveway and stopped a couple of feet beyond the sidewalk. The Jordan children got out of the car and ran into the house. After the two ladies had talked for about five minutes Mrs. Jordan got out on the right (east) side, talked for a minute or two longer and left.

Mrs. Johnson says that before starting to back her car, she looked backward, first over her right shoulder, then over her left shoulder, and seeing nothing in the way,

started to back her car slowly out of the driveway, meanwhile continuing to look backward over her left shoulder. When she had backed a very short distance (about four feet) she heard a child's cry and stopped instantly. It was then that for the first time she saw a little girl about three standing near her left rear fender. She moved her car forward about the same distance (about four feet), stopped and got out to see what happened. Near the back of her car she found little Gregory hurt, with blood appearing in the area of his right ear. She took the child in her arms until his mother arrived with a blanket. Meanwhile she had called to Mrs. Jordan to phone for an ambulance. It was later found that he had suffered a fracture of his skull and other injuries which may permanently affect him.

The only eyewitness who saw anything of these small children near the rear and left (west) side of the Johnson car near the time of the impact was Anita Brown, a 13-year-old baby sitter at the Barnes house, about 75 feet west of the driveway. She testified to these observations: that when she first saw Gregory he was under the car in front of the left (west) rear wheel (that would be between the front and rear wheels); that she saw his brown Keds sticking out from underneath; that when the car went backwards, she did not actually see the child hit, but that as soon as it went forward, he quickly came out from underneath the car and went around behind it.

It is the defendant's contention that while she was talking to Mrs. Jordan these very small children must have come to the rear of her car where, even when she looked, she could not see them and thus was unaware of their presence or any indication of it. The evidence can reasonably be viewed as supporting that contention, and from their verdict it is apparent the jury so believed.

The principal error urged by plaintiff for reversal of the judgment is the giving of Instruction No. 18 to the effect that the law recognizes unavoidable accidents, which it defined as one which occurs in such a manner that it cannot justly be said to have been caused by negligence. In considering the propriety of that instruction, and whether giving it constitutes reversible error, the overarching and controlling question is whether the parties were given a fair trial and had the issues of fact and the applicable law presented to the jury in a clear and understandable manner. This invites our attention to several aspects of the problem: the objection which was taken, the accuracy of the instruction, and whether it was prejudicial.

Included in plaintiff's numerous objections to the instructions was this: "Plaintiffs except to the giving of Instruction 18 in that the law in the State of Utah no

longer recognizes unavoidable accident, the same having been merged into non-negligence."

The court remarked on this objection, asking counsel why he had not mentioned it in their discussion in chambers. Counsel stated: "I wasn't hiding anything. I am making a record based on my recollection of having read a case some place." Upon the court's inquiry as to whether any Utah case has ever so held, counsel was unable to refer to any such case. (Incidentally, there is none.) The court stated: "Because I wouldn't oppose the time to check the Supreme Court decision before deciding." Nevertheless, counsel neither made any request for delay, nor offered any assistance to the court, but proceeded with taking further exceptions.

The vagueness and uncertainty of the belated statement of counsel, offering no assistance to the court, ignoring his suggestion as to delay to ascertain the law, leaves a great deal to be desired under our rule which requires that a party "must state distinctly the matter to which he objects and the grounds of his objection." [1] We appreciate that just how serious this would be in any given case may depend upon the instruction involved and the likelihood of its effect upon the trial. We have noted it as a part of the total picture here and pass on to matters of more vital importance in this case.

Our review is directed to the issue presented to the lower court: [2] that "the law in the State of Utah no longer recognizes unavoidable accidents."

We digress to observe that we offer no defense of the practice sometimes followed by defense counsel of tossing a requested instruction on unavoidable accident into the hopper with numerous other form defense instructions in practically any type of negligence case. Such an instruction should be given with caution and *only* where the evidence would justify it. But to declare categorically that there is no such thing as an unavoidable accident and that the instruction should never be given does not square up with the law, nor with the practical realities of life.[3] It is obvious that there are some accidents, i. e., unusual and unexpected occurrences, which result in injury and which happen without anyone failing to exercise reasonable care; and when this is so the accident is properly classified as unavoidable insofar as legal

1. Rule 51, U.R.C.P.
2. That we review on appeal only issues raised in the lower court, see Huber v. Deep Creek Irrigation Co., et al., 6 Utah 2d 15, 305 P.2d 478.
3. See extensive annotation on Unavoidable Accident Instruction, 65 A.L.R.2d 12, et seq., documenting cases from most of the states as approving the giving of such an instruction in appropriate cases, but also noting the caution to be observed where inappropriate and that refusal to give such an instruction is not error.

causation or the imposition of liability is concerned.[4]

The authorities do not, and of course could not, justly say that there is no such thing as an unavoidable accident. The fact that such an instruction is sometimes erroneously given in cases where it is not properly applicable is no good reason for banning it entirely. That argument is reminiscent of the old saying about burning the barn to get rid of the rats. The more basic reason given for criticizing such an instruction is that it is a duplication. Inasmuch as the jury are elsewhere advised that the defendant's negligence must be proved, and that in the absence of such proof of negligence he is not liable, it is unnecessary to state again that if the accident was unavoidable because not caused by negligence, he is not liable. We appreciate the merit of this criticism in cases where it is applicable, which undoubtedly includes most ordinary accident cases. But even the cases which disapprove of the instruction as error recognize that whether it is ground for rever-

sal depends on the circumstances of the particular case.[5] In that connection it is important that at the time of the trial of this case it had never been adjudicated in this state that the giving of an instruction on unavoidable accident was prejudicial error. The established law was to the contrary, although it is true that cautions have been expressed about such instructions.[6] Assuming it to be the repetition of an idea and that it is best to avoid repetition where possible, the mere duplication of an idea in the instructions is not reversible error. If it were, very few if any sets of instructions could be sustained as errorless. If any such radical change in our rulings as here advocated is to be put into effect, fairness would seem to dictate that the change be prospective rather than ex post facto.[7]

Analyzing the situation here presented in the light of what we have said about the questioned instruction, and correlated to another established rule, that the parties are entitled to have the jury instructed concerning their respective theories of the case,[8] we are not persuaded

4. For numerous statements using varying phraseology to this effect, see 1 C.J.S. 443 and 38 Am.Jur. 647 and cases therein cited.

5. E. g., see Butigan v. Yellow Cab, 49 Cal. 652, 320 P.2d 500, 65 A.L.R.2d 1, perhaps the leading and most cited case for this view, where the court so stated; see also statement in City of Phoenix v. Camfield, 97 Ariz. 316, 400 P.2d 115 and other cases in annotation at 65 A.L.R. 2d 12, et seq.

6. See Porter v. Price, 11 Utah 2d 80, 355 P.2d 66; Wellman v. Noble, 12 Utah 2d 350, 353, 366 P.2d 701.

7. As to prospective effect, see Great Northern Ry. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 53 S.Ct. 145, 77 L. Ed. 360, cited in Rubalcava v. Gisseman, 14 Utah 2d 344, 384 P.2d 389.

8. Webb v. Snow, 102 Utah 435, 132 P.2d 114; McDonald v. Union Pacific Rail-

that the trial court committed error which would justify reversal in giving it. If the accident happened as the defendant contends, having looked to the rear before moving her car, and continuing to so observe as she backed slowly, being wholly unaware of the presence of the small children, or of anything to alert her of their presence, there is nothing further in the exercise of reasonable care that she should have done to have avoided the accident; and thus from her point of view, the accident would be unavoidable, and there could be no great harm in so advising the jury.

Ferreting the wheat from the chaff in the plethora of requests from the contesting parties and fashioning instructions covering all aspects of such a case in a manner fair to both sides poses such a problem for the trial judge that losing counsel can usually point to some claimed error to use as a basis for argument that the jury must have been misguided because he did not win. It is true that the instructions here are not without some duplication. But the important thing insofar as fairly protecting the plaintiff's rights is concerned, is that they clearly submitted the issue of the defendant's claimed negligence in failing to keep a proper lookout, and failing to yield the right of way to a pedestrian (Nos. 17 and 21) told the jury that it was the defendant's duty "to be vigilant at all times, keeping a lookout for traffic, pedestrians and other conditions reasonably to be anticipated by an ordinary, prudent driver in like position." (No. 19); and that "the driver of a vehicle within a residential district emerging from a driveway shall yield the right of way to any pedestrian" (No. 20).

Without going into further detail, the instructions impress us as having adequately presented the issues of fact and the applicable law in a manner fair to both parties. This observation, and what we have said above concerning instructions generally, applies to the plaintiff's further argument that the trial court should have split the defendant's duty in two and instructed on her possible negligence separately in going backward and going forward in her car.

This court has many times given expression to the importance of safeguarding the right of trial by jury and the solidarity that should be accorded a verdict after the parties have been given a fair trial. Evenhanded justice requires that this apply to all alike: to defendants, as well as to plaintiffs. From what we have said herein it should be plain that in our opinion the plaintiff was accorded his entitlement of a fair trial, and that nothing has been shown which would justify overturning the judgment.[9]

road Company, 109 Utah 493, 167 P.2d 685.

9. See statement in Hales v. Peterson, 11 Utah 2d 411, 360 P.2d 822.

Affirmed. Costs to defendant (respondent).

CALLISTER and HENRIOD, JJ., concur.

ELLETT, Justice (dissenting):

I dissent.

The respondent, Mrs. Johnson, drove her car into her friend's driveway and stopped so that the rear of her car had just cleared the sidewalk. The purpose of entering the driveway was to deliver the friend to her own home. After chatting for several minutes in the car with the motor running, the friend got out of the car, and Mrs. Johnson backed about four feet (defendant says not more than two feet), when she heard a cry. She instantly reversed her direction and drove forward to her original position. She then got out of her car and discovered a two-and-a-half-year-old child, Gregory James Woodhouse, one of the plaintiffs and appellants, lying in the gutter directly behind her automobile. He was bleeding at the ear and had automobile tire marks across his back and also on his chest and stomach, which would indicate that he was run over twice, once as the respondent backed up and again as she went forward.

Gregory sustained a fractured skull and other injuries resulting in permanent disability, the treatment for which to date of trial had cost his father, the other plaintiff and appellant herein, $1,031.37 for hospital services and $1,432.70 for doctor bills, a total of $2,464.07.

Gregory lived next door to the friend's home but on the other side from the driveway. The defendant was acquainted in the neighborhood and knew that there were a number of small children living in that vicinity. In fact, as she drove into the driveway, there were several children playing nearby, and two small children were seen by the friend on the sidewalk nearby, walking slowly towards the driveway, at the time the defendant pulled into the driveway.

Since Gregory was only two and a half years of age at the time he was injured, no contention is made that he was guilty of any contributory negligence.

At the very time when the defendant backed her car up, there was a two-and-a-half-year-old girl standing about one foot from the side of the rear of her car. The driver saw neither child until after she got out of the car.

The plaintiffs claim negligence in the failure of the defendant to discover the presence of the children before she ran over the infant plaintiff. The jury decided this issue against them, and unless reversible error was committed by the trial court, the verdict should be affirmed.

The trial judge properly instructed on negligence but at the instance of the defendant gave the following instruction:

The law recognizes unavoidable accidents. An unavoidable accident is one which occurrs in such a manner that it cannot justly be said to have been proximately caused by negligence as those terms are herein defined. In the event a party is damaged by an unavoidable accident, he has no right to recover, since the law requires that a person be injured by the fault or negligence of another as a prerequisite to any right to recover damages.

The mere fact that an accident happened is not evidence of negligence on anyone's part.

The plaintiffs claim he erred therein.

A definition of "unavoidable accident" is found in 1 C.J.S. Accident at page 442:

In a broad general sense, an "unavoidable accident" has been described as an event from an unknown cause, or an unusual and unexpected event from a known cause; or one which occurs without apparent cause. In a more limited sense, unavoidable accidents has [sic] been defined as such as result from human agency alone, but which are unavoidable under the circumstances.

The instant case does not come within the confines of this definition, since the injury resulted from a known cause, and it is not an unusual or unexpected event. The fact that the defendant did not expect is does not place it in the category of the unusual and unexpected.

Unavoidable accidents, inevitable accidents, and pure accidents are different names for the same idea. See 65 A.L.R.2d 21. The inevitable accident definition is found in 38 Am.Jur., Negligence, § 6. It reads:

\* \* \* Essentially, an accident is a happening to which human fault does not contribute, so far as the cause of the happening may be known. An accident is inevitable if the person by whom it occurs neither has, nor is legally bound to have, sufficient power to avoid it, or prevent its acting so as to injure others. It has been said that "where an event takes place the real cause of which cannot be traced, or is at least not apparent, it ordinarily belongs to that class of occurrences which are designated as purely accidental." \* \* \*

\* \* \* \* \* \*

The conduct of the defendant is not encompassed by this definition. While we are not concerned with the question here of whether or not the conduct of the defendant measured up to the standard of a reasonably prudent person as to the foresight of injury, it is obvious that the cause of the injury to the boy is known. Human fault did cause the harm, albeit the

fault may not amount to negligence. Here the defendant had the power to avoid the harm. In failing to use that power, she may or may not have been negligent, but the accident (if such it be) was not inevitable or unavoidable.

The courts of most states have approved an instruction regarding unavoidable accident, inevitable accident, pure accident, etc., but most have limited the instruction to "a proper case," and many and varied have been the decisions as to what was a proper case. However, despite the fact that such instructions have in the past been used in the majority of states, it has been a rare occasion when a trial court has been reversed for failing to give such an instruction. See the annotation in 65 A.L.R.2d beginning at page 20. At page 23 it is said:

> Since in most jurisdictions there has been so little inclination to regard a refusal of the instruction as reversible error, and the giving of the instruction has so often, and with ample cause, been held reversible error, the better course would appear to be to omit the instruction except in those instances in which quite plainly it is peculiarly appropriate.

In the case of Klesath v. McQueen (Mo.), 312 S.W.2d 122, the giving of an accident instruction was held reversible error, notwithstanding the defense of mechanical failure was well supported by testimony. The court referred to Missouri cases as running to the effect that a general accident instruction should not be given when the cause of the casualty is known.

In the case of Wright v. Lincoln City Lines, 163 Neb. 679, 81 N.W.2d 170, it was said, "An 'unavoidable accident' means when an unexpected catastrophe occurs without any of the parties thereto being to blame for it." This case quoted the Michigan case of McClarren v. Buck, 343 Mich. 300, 72 N.W.2d 31, as follows: " 'Under the facts in this case one or both of the drivers of the colliding cars were guilty of negligence. Under such circumstances it was error to give the quoted instructions (the issue of unavoidable accident) to the jury.' " The case further quoted from Hicks v. Brown, a Texas case found at 136 Tex. 399, 151 S.W.2d 790, as follows: " ' * * * if the evidence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident.' "

The annotation in 65 A.L.R.2d at page 30 states the law of Alabama as follows:

> * * * ("the rule is now settled to the effect that because of the tendency to confuse and mislead the better practice is to refuse such charge"); Tyler v. Drennen (1951) 255 Ala. 377, 51 So.2d 516, infra, § 39; King v. Jackson (1956) 264 Ala. 339, 87 So.2d 623, infra, § 30;

Socier v. Woodard (1956) 264 Ala. 514, 88 So.2d 783 (the "better practice" is to refuse to give such an instruction).

Many states have lately overruled their prior holdings and now refuse to permit the instruction under any circumstances. California was in the vanguard of the states which had a change in viewpoint. In the case of Butigan v. Yellow Cab, 49 Cal. 652, 320 P.2d 500, 65 A.L.R.2d 1, the cab driver intended to make a U turn and gave an arm signal of his intention so to do for a distance of 60 or 70 feet before commencing to make the turn. When he had crossed the center line of the street, his motor stopped, and he was attempting to get his motor started. An oncoming car ran into the cab but the driver of that car claimed he could not see traffic ahead of him until after he had passed through an intersection. He then claimed that he saw a solid line of traffic ahead and a Yellow cab turn suddenly when he was no more than a couple of car lengths ahead of the cab and that no signal of intention to turn was given. He claimed to have applied his brakes but was unable to avoid striking the cab. On the day prior to the collision, the taxi cab had been in the garage because the motor had stalled, probably because the carburetor had been adjusted too lean in order to save gasoline. The passenger in the cab sued the taxicab driver, the taxicab company, and the driver of the other vehicle. The trial court gave the instruction on unavoidable accident or inevitable accident. In reversing the trial court and overruling prior California cases, the court said at page 505 of the Pacific Reporter:

> The instruction is not only unnecessary, but it is also confusing. When the jurors are told that "in law we recognize what is termed an unavoidable or inevitable accident" they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation. The rules concerning negligence and proximate causation which must be explained to the jury are in themselves complicated and difficult to understand. The further complication resulting from the unnecessary concept of unavoidability or inevitability and its problematic relation to negligence and proximate cause can lead only to misunderstanding.

The California court further said that whether the error in giving such an instruction was reversible would depend on the circumstances of each case.

The editor of the annotation in 65 A.L.R. 2d at page 28 has the following comment:

> * * * One may say that, in addition to the objectionable qualities stressed by the California court, the instruction quite

obviously savors of abstraction and, instead of encouraging the jury to give strict attention to the matters of specific fact in issue, invites a turning away from them and a taking of refuge in generalities.

In addition to California's holding in the Butigan case, the following cases from other jurisdictions are to be noted:

Lewis v. Buckskin Joe's, Inc., 156 Colo. 46, 396 P.2d 933, was a case where the jury returned a verdict for the defendant after being instructed on unavoidable accident. The Supreme Court of Colorado reversed and in speaking of the instruction said at page 941 of the Pacific Reporter:

This instruction should not have been given. Instructions on negligence and contributory negligence are sufficient and inclusive of so-called unavoidable accidents. To further instruct on unavoidable accident serves only to twice tell the jury that the plaintiff cannot recover unless he proves negligence.

Though this court has sanctioned the giving of instructions on unavoidable accident and, on occasion, held it to be reversible error to refuse to so instruct, we now determine that to give such instruction or to recognize unavoidable accident in an action based on negligence, as an independent element, separate and apart from negligence and contributory negligence, is improper.

The Oregon case of Fenton v. Aleshire, 238 Or. 24, 393 P.2d 217, was one in which the trial judge gave the usual instruction on unavoidable accident. The verdict was for the defendant, and the court gave a new trial. The Supreme Court affirmed and at page 222 of the Pacific Reporter said:

In the modern law of negligence the doctrine of "unavoidable accident," or, as it is sometimes called, "inevitable" or "pure" accident, is an anomaly. By definition—at least by the definition adopted by this court—it has no place as a separate and independent element in an action based on negligence. * * *

The decision quotes with approval the Butigan case and then says at page 223 of the Pacific Reporter:

This reasoning is in full accord with what this court has said in numerous decisions, and makes unavoidable the conclusion that instructions on unavoidable accidents in negligence cases are without value and may be prejudicial.

The case of Vespe v. DiMarco, 43 N.J. 430, 204 A.2d 874, approved both the Butigan case of California and the Oregon case of Fenton v. Aleshire, supra. At page 881 of the Atlantic Reporter the Supreme Court paid its final respects to the unavoidable accident instruction in the following language:

In our view, Butigan v. Yellow Cab Co. represents a sound solution of the

problem. Accordingly, we hold that in the future a specific charge on unavoidable accident should not be given to the jury. In that way misunderstanding germinated by the notion that absence of negligence and unavoidable accident are different concepts and issues will be avoided.

The Indiana Supreme Court had before it the question of the propriety of giving an instruction on "pure accident" in the case of Miller v. Alvey, 207 N.E.2d 633. In reversing the trial court it was said at page 636 of the North Eastern Reporter:

* * * It is thus readily apparent that the word "accident" does not necessarily preclude fault or negligence. The term is susceptible of different meanings and constructions and to tell a jury there is no liability in case of "unavoidable accident" or "pure accident" i. e., an unintentional, careless, or unknown occurrence, is misleading and confusing to say the least, and is not compatible with the principles of tort law imposing liability on persons who fail to exercise ordinary or reasonable care.

* * * * * *

In a present day action based upon negligence the plaintiff must show his injury was proximately caused by the defendant's negligence, and the defendant under a pleading equivalent to a general denial may show any circumstance which rebuts the allegations of negligence directed to him or which concerns their causal effect. The expression "unavoidable accident" or "pure accident" is not an affirmative defense and has no particular connotation in modern pleading of negligence cases. Such terminology adds nothing to the issues properly before the court or jury and as the expressions are ambiguous and particularly confusing to lay jurors, their use in instructions is undesirable and unwise, and any statements in prior decisions of this state construed as authorizing instructions on "pure accident" or "unavoidable accident" are hereby disapproved.

The Arizona case of City of Phoenix v. Camfield, 97 Ariz. 316, 400 P.2d 115, involved a case where the plaintiff was at home in bed when a police car, in pursuit of another automobile, crossed over a dip and went out of control and crashed into the plaintiff's bedroom. The trial court refused to give an instruction on unavoidable accident, and the City appealed from a verdict for the plaintiff. At pages 120 and 121 of the Pacific Reporter the court used the following language:

* * * In cases in which we have held it not to be reversible error to give an instruction on unavoidable accident, the rationale has been that the evidence showed the accident happened without negligence. [Citation omitted.] The modern trend seems to be away from the giving

of such an instruction. If the jury is properly instructed on the necessity of negligence on the part of the defendant and the request that this negligence be the proximate cause of the injury that is sufficient. The defense of unavoidable accident is actually a defense of non negligence and an instruction on unavoidable accident is, in fact, confusing. It improperly implies that "unavoidable accident" is a separate and distinct defense from "non negligence."

\*   \*   \*   \*   \*   \*

Article 6, sec. 27 of the Arizona Constitution, A.R.S. provides:

"\* \* \* No cause shall be reversed for technical error \* \* \* when upon the whole case it shall appear that substantial justice has been done."

\* \* \* In view of this constitutional article we hold that while it is always error to give an instruction on avoidable accident, a plaintiff must show prejudice in the giving of such an instruction. But we also hold that it can never be error to refuse to give the instruction on "unavoidable accident" and that the instruction should not be given in the ordinary case, \* \* \*

The Arkansas case of Houston v. Adams, 239 Ark. 346, 389 S.W.2d 872, discussed the Butigan case and at page 875 said:

We are of the opinion that in a typical negligence case the position taken by the California court is right. In such a case the plea of unavoidable accident is in fact nothing more than an assertion that the defendant was not guilty of actionable negligence. That defense should be submitted to the jury in terms of negligence and proximate causation. For the court to submit also an issue of unavoidable accident is, as the Butigan opinion pointed out, to suggest that unavoidability is a separate defense, requiring separate consideration by the jury.

Our Utah court in the case of Porter v. Price, 11 Utah 2d 80, 355 P.2d 66, in disagreeing with the Butigan case, took some small comfort in quoting that part of the decision relating to the question of whether the error would be prejudicial. The Utah court did not expressly disapprove the trial court's giving of an instruction on unavoidable accident. It stated that the instruction was not prejudicial to the plaintiffs in view of the fact that the court had given Instruction Nos. 9 and 10.

The defendant in the Porter case was suddenly seized with a severe insulin reaction, which caused him to lose control of his automobile and to crash into a parked car.

Instructions 9 and 10 are set out below:

Instruction No. 9:

A driver of an automobile who is stricken by paralysis, seized by a fit or otherwise rendered unconscious and who still continues to drive while unconscious

and causes damages or injury to another cannot be held responsible therefor unless he was reasonably aware that he was about to lose consciousness to the extent that a person of ordinary prudence would not attempt to continue driving.

Instruction No. 10;

' You are instructed that fainting or loss of consciousness while driving is a complete defense to an action based on negligence if such loss of consciousness was not foreseeable. If you find that defendant Hyrum Price was suffering from an unforeseen insulin reaction, resulting in a fainting spell or loss of consciousness at the time of this accident, then you must return a verdict in favor of the defendant and against the plaintiffs.

On the other hand, if the insulin shock that defendant suffered was foreseeable and he could have done something about it, and thereby avoided the accident, then and in that event he would be charged with negligence proximately causing the accident.

This court went on to say at page 84 of the Utah Reports, at page 68 of 355 P.2d:

* * * It is true that in most cases the usual instructions on negligence and proximate cause make it sufficiently clear that the plaintiff must sustain his burden of proof on these issues in order to recover, and that in such instances an in-

struction on unavoidable accidents serves no useful purpose.

This court apparently seemed to feel that no useful purpose could be served by the giving of an instruction on unavoidable accident, and in the Porter case thought that if error was committed, it was harmless by reason of the full instructions given on the other matters. In fact, it would appear that under the evidence of that case, the court could have directed the verdict in favor of the defendant.

While this court has approved an instruction on unavoidable accident, it apparently has never felt any great need for giving the instruction. In Wellman v. Noble, 12 Utah 2d 350, 366 P.2d 701, it said:

This court has held that in cases where the facts warrant doing so, it is not error to give an instruction on unavoidable accidents. However, actually such an instruction in most cases is superfluous in view of the other instructions which are given covering the basic issues in accident cases and serves no useful purpose except to add to the length of the instructions and to that extent detract from their effectiveness. *We know of no case where this court has ever held the failure to give an instruction on unavoidable accident to be prejudicial error.* * * * (Emphasis added.)

The giving of the instruction on unavoidable accident in the instant case seems par-

ticularly improper in view of the fact that the question of negligence here was one that should be determined in view of all the surrounding circumstances in this case. The backing of a car across the sidewalk, when it is known or should be known that children are in the vicinity, is a maneuver that requires a degree of vigilance commensurate with the hazard involved. As was said in the case of Wood v. Balzano, 137 Me. 87, 15 A.2d 188, at 189:

> Common experience has demonstrated that in backing a closed car the driver is greatly restricted, if not entirely prevented from seeing objects below the rear window and in close proximity to the car. Under such circumstances great vigilance is required to comply with the rule of reasonable care.

In the Vermont case of Crossman v. Perkins, 101 Vt. 94, 141 A. 594, 596, it was held that where a motor truck was backing out of a driveway into the street, "He had no right to assume that the road was clear, but was bound to be vigilant, watchful and to have anticipated and expected the presence of others."

With such vigilance required on the part of the defendant, I believe that to inject the idea of unavoidable accident into the deliberations of the jury was reversible error.

Defense counsel always refers to an injury as an "accident." If he can persuade the judge to lend his influence to the proposition that the unfortunate event might have been unavoidable accident, he should be credited with a master stroke towards brain washing the jury. Such an instruction gives the defense counsel two arrows for his bow. He can discuss the evidence on all phases of the case regarding lack of neglignce on the part of the defendant, and then he can draw another arrow from his legal quiver and begin to talk about unavoidable accidents as if that were something apart from negligence. The jurors are apt to believe the judge when he tells them that all instructions are of equal importance, and they must of necessity wonder why the judge gave the instruction on unavoidable accident if it meant exactly what he had told them about negligence and the lack thereof. It compels the plaintiff to assume the double burden of convincing the jury, first, that the defendant was negligent and, second, that there was no unavoidable accident. If the plaintiff succeeds in establishing negligence on the part of the defendant which proximately caused the injury, that should be the end of the discussion so far as liability is concerned. Any further discussion of unavoidable accident could only lead to confusion and result in prejudice.

If the jury finds no negligence on the part of the defendant, then there is no need for the instruction in the first place.

The instruction on unavoidable accident had its genesis in common-law days when damages could be recovered in an action of trespass, and strict liability was imposed

upon the defendant unless he proved the injury was caused by an "inevitable or unavoidable accident." Such an accident was then an affirmative defense, which had to be pleaded and proved by the defendant. See 2 Harper and James, The Law of Torts, 1956, § 12.2, page 747, et seq.

Since the Massachusetts case of Brown v. Kendall, 60 Mass. 292, 6 Cush. 292 (1850), the pendulum has swung away from inevitable accident or unavoidable accident and fixes liability upon blameworthy conduct. Originally it did not matter whether the defendant was negligent or not. He was liable unless he could show inevitable or unavoidable accident. Those courts which still give lip service to an instruction on unavoidable or inevitable accident are but clinging to a useless, obsolete relic of a bygone age.

Plaintiffs claim further error in that the court failed to give their requested instructions to the effect that even though the jury find the defendant not negligent in backing her car, nevertheless when she heard the cry of the child, the jury should consider whether her driving forward thereafter was negligence. There was a further request that if the jury found negligence only in driving forward and that such negligence was a proximate cause of injury to the child, defendant would be liable only for the harm done in going forward unless the damage could not be allocated between the non-negligent backing and the negligent driving forward, in which case defendant would be liable for all of the harm done. I think that an instruction to this effect should have been given.

I believe that the giving of the instruction on unavoidable accident in this case under the facts disclosed by the evidence was reversible error and am of the opinion that hereafter our trial courts would be well advised if they did not give such an instruction under any set of circumstances. I further believe that it was error not to give the requested instruction regarding negligence in connection with driving the car forward after defendant heard the crying of the child, as this would seem to be a jury question.

For the above reasons I think the judgment should be reversed and the case remanded for a new trial, with costs to the plaintiffs.

TUCKETT, Justice (dissenting):

I dissent. I am of the opinion that the giving of an instruction on unavoidable accident in this case was error. I believe that such an instruction should only be given in rare and unusual cases where the usual instructions on negligence and contributory negligence, if any, and proximate cause are inadequate to fully apprise the jury as to the law pertaining to the case. I believe that the giving of such an instruction in the ordinary negligence case serves no useful purpose and may confuse the jury.